Duquesne Light Company, Petitioner *v.* Workmen's Compensation Appeal Board (Zalar), Respondents.

Submitted on briefs November 15, 1984, to Judges WILLIAMS, JR. and DOYLE and Senior Judge BARBIERI, sitting as a panel of three.

*John A. Lee,* with him, *A. William Stein,* for petitioner.

No appearance for respondents.

OPINION BY SENIOR JUDGE BARBIERI, May 24, 1985:

This is an appeal by the Duquesne Light Company (Duquesne) from an order of the Workmen's Compensation Appeal Board (Board). That order affirmed a referee's decision which awarded compensation for total disability to Albert Zalar (Claimant). We affirm.

This case has an extended and somewhat complex procedural history and presents the following scenario. Claimant was employed by Duquesne in the bituminous

coal industry from 1935 until April 28, 1977. With the exception of the last five years during which Claimant worked in a machine shop near the mine, his entire period of employment with Duquesne was underground in the mines. On July 29, 1977, Claimant filed a Petition for Compensation under Section 108 of The Pennsylvania Workmen's Compensation Act (Act)[1] alleging that he had become totally disabled due to coal miner's pneumoconiosis caused by his continued exposure to coal dust during his employment with Duquesne. On August 17, 1978, a referee awarded Claimant compensation for total disability. Duquesne appealed that decision to the Board which, on March 22, 1979, set aside the referee's decision and remanded the case back to the referee for the appointment of an impartial physician. That impartial physician was to examine Claimant and the record, prepare a report, and appear and testify before the referee. Referee Frank Roney appointed Dr. Jerry D. Silverman as the impartial physician, over the objection of Duquesne. Dr. Silverman examined Claimant on October 17, 1979 after which he submitted his report to the referee. On February 22, 1980, the referee entered a decision which again awarded Claimant compensation for total disability to date from July 1, 1977. Duquesne appealed that decision to the Board which, on September 4, 1980, remanded the matter back to the referee for a second time for the purpose of holding an evidentiary hearing. On May 11, 1981, after holding the additional hearings, the referee entered his decision which awarded Claimant compensation for total disability to date from July 1, 1977 and also directed Duquesne to pay the costs of the deposition of the impartial physician. Duquesne appealed that decision to the Board alleging bias on the part of Dr. Silverman as well as

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §271.

contesting the evidentiary support for the decision and the imposition of the costs of the deposition of the impartial physician upon it. On June 9, 1983, the Board affirmed the referee's decision in its entirety and Duquesne filed a timely petition for review with this Court.

In this appeal, Duquesne contends that: (1) the referee erred in his appointment of Dr. Silverman as an impartial physician in light of its evidence of bias; (2) the finding that Claimant is totally disabled as of July 1, 1977 is not supported by substantial evidence; and (3) the referee improperly imposed upon Duquesne the costs of the deposition of the impartial physician. We shall address these issues seriatim.

Duquesne's allegation of bias on the part of Dr. Silverman to favor workmen's compensation claimants is based solely upon Duquesne's listing of the numerous instances in which Dr. Silverman has testified in workmen's compensation cases, predominantly in favor of the claimants, and that he had testified against Duquesne as a claimant's expert witness in an unrelated case. We have previously held that an attack on the bias of an expert witness is a matter of credibility which is to be determined *solely* by the referee. *Armco Steel Corp. v. Workmen's Compensation Appeal Board (Kolar)*, 60 Pa. Commonwealth Ct. 195, 431 A.2d 363 (1981); *Westinghouse Electric Corp. v. Workmen's Compensation Appeal Board (Bencloski)*, 41 Pa. Commonwealth Ct. 610, 399 A.2d 1178 (1979). Our review of the record, including the *voir dire* of Dr. Silverman by Duquesne's counsel, convinces us that the referee did not abuse his discretion when he appointed Dr. Silverman as an impartial physician in this case. An employer cannot conclusively establish bias on the part of a physician so as to disqualify that physician from being an impartial

physician appointed under Section 420 of the Act[2] in a particular case simply by showing that this physician had testified in numerous unrelated workmen's compensation cases in the past and the physician's testimony usually favored the claimants. *Cf. Armco Steel Corp.* (bias charge against claimant's expert witness based upon witnesses' testimony history of favoring claimants in workmen's compensation cases rejected as going to credibility). We must, therefore, reject Duquesne's challenge to the referee's appointment of Dr. Silverman as an impartial physician.

Duquesne's next contention is that the referee's findings as to Claimant's total disability and the date of that disability are not supported by substantial evidence.[3] "Substantial evidence" has been defined as

---

[2] 77 P.S. §831.

[3] Duquesne's evidentiary attack on the referee's findings centers on finding number five which reads as follows:

5. The Referee has considered all of the medical deposition testimony and medical evidence in this case. On the basis of substantial, competent and credible medical evidence of record in this case from Dr. J. D. Silverman, the impartial physician appointed in this case by the Referee, your Referee finds that on June 8, 1977, Albert Zalar, claimant herein, became totally and permanently disabled from anthracosilicosis, after having had an aggregate employment of at least two years next preceding the date of disability in an occupation having a silica or coal hazard. Claimant's said disability resulted in whole or in part from his exposure to the hazard of occupational disease after June 30, 1973, in employment covered by the Pennsylvania Workmen's Compensation Act, as amended. Dr. Silverman opined that claimant does have significant pulmonary disease—namely, anthracosilicosis, that it has occurred as the result of his total and cumulative exposure to dust in the mines, that it makes a very significant contribution to his overall disability and, in his opinion, even in the absence of any other medical problems (cardio-vascular status and controlled diabetes) would preclude his returning to that type of work or any similar type of employment on the

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938); *Norfolk & Western Railway Co. v. Pennsylvania Public Utility Commission*, 489 Pa. 109, 413 A.2d 1037 (1980). We are satisfied that the report and deposition of Dr. Silverman contains substantial evidence to support the referee's finding that Claimant became totally disabled from coal miner's pneumoconiosis as of June 8, 1977. While Dr. Silverman did not examine the Claimant until October 1979, he had at his disposal the medical reports and history prepared by Dr. Cho in 1977.[4] In his deposition, Dr. Silverman refers frequently to Dr. Cho's 1977 observations to express his medical opinion as to Claimant's disability. Dr. Silverman also stated that his anthracosilicosis, even in the absence of any other medical problem, would preclude the Claimant from returning to the type of work he performed for Duquesne, or any similar type of employment. Viewing the evidence as a whole, we must reject Duquesne's challenge to the referee's findings as to Claimant's total disability.

We now turn to Duquesne's final contention which is that the referee erred when he imposed the costs of deposing the impartial physician upon it under Section 440 of the Act.[5] Duquesne argues that Section

---

basis of his anthracosilicosis alone. The defendant failed to introduce any testimony or evidence in this case that there is work outside of the mining industry that claimant can perform. The defendant chose to defend this case on the basis of no disability whatsoever. On the basis of Dr. Silverman's opinion your Referee finds that on account of his anthracosilicosis claimant is totally and permanently disabled from mine or similar type of employment.

[4] The deposition testimony of Dr. Young Dae Cho is part of the record in this case.

[5] 77 P.S. §996.

420 of the Act[6] mandates that *all* costs associated with an impartial physician are to be paid by the Department of Labor and Industry (Department). This is an incorrect reading of the statute. The second paragraph of Section 420 of the Act reads as follows:

> The Board or referee, as the case may be, shall fix the *compensation of such physicians, surgeons, and experts,* which when so fixed, shall be paid out of the sum appropriated to the Department of Labor and Industry for such purpose. (Emphasis added.)

The statute clearly limits its coverage to the compensation, or fees, paid to impartial physicians appointed under Section 420 for *their* services[7]. The costs of transcribing the testimony of such impartial physicians is clearly not compensation to them for services they rendered pursuant to their appointment. Rather, such costs are those normally associated with prosecuting a workmen's compensation case which are governed by Section 440. Accordingly, the referee and the Board were correct in imposing the cost of deposing Dr. Silverman, $59.00, upon Duquesne.

Having found the referee's findings supported by substantial evidence, no error of law committed nor constitutional right violated, we shall, therefore, affirm the decision of the Board.

ORDER

AND Now, May 24, 1985, the order of the Workmen's Compensation Appeal Board at Docket No. A-81495, dated June 9, 1983, is hereby affirmed.

Judge WILLIAMS, JR., did not participate in the decision in this case.

---

[6] 77 P.S. §832.

[7] The referee properly assessed the fees charged by the impartial physician against the Department as required by Section 420.