510 A.2d 402

James Knight, Petitioner v. Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs May 1, 1986, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Frederick I. Huganir,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, June 10, 1986:

James Knight has appealed from an order of the Pennsylvania Board of Probation and Parole denying his request for administrative relief from a board decision of September 27, 1985, which recommitted him as a technical parole violator to serve 18 months backtime for violation of the two provisions of Special Condition No. 6 applied to his June, 1984 parole, requiring him (1) to abstain from the consumption of alcohol and (2) to stay away from the Hamilton Mall in Allentown during the "late" evening hours.

The record shows that, on August 25, 1984, during Mr. Knight's parole period, the police arrested him for public drunkenness, disorderly conduct and loitering at the Hamilton Mall in Allentown between 10:00 p.m. and 11:00 p.m.

With respect to the matter of consuming alcohol, although the evidence is strongly controverted, the board, as the arbiter of credibility, was entitled to believe police testimony that Mr. Knight was intoxicated and to disbelieve the contrary testimony.

With respect to the prohibition against being at the designated mall during "late" evening hours, the issue is whether that condition is unworkably vague and therefore violative of constitutional due process.

A requirement cannot be so vague that men of common intelligence must guess at its meaning. *City of Chester v. Elam,* 408 Pa. 350, 184 A.2d 257 (1962).

This court cannot arrive at any sure or workable meaning with respect to the injunction as to "late" hours. Many persons could well consider the evening hours between 10:00 p.m. and 11:00 p.m. not to be late hours, as compared, perhaps, to the post-midnight

hours. This court cannot and should not strain to read meaning into such a vague description when the parole authorities easily could have specified a definite time for the implementation of the condition.

Accordingly, this court concludes that the prohibition against "late" hours presence in a designated location is invalid for vagueness.

Although 37 Pa. Code §75.4 does not specify any presumptive ranges for backtime with respect to special conditions phrased like the special condition in this case, it does apply a presumptive range of three to nine months for a single violation of General Condition No. 4, which includes Liquor Code violations. Therefore, the board may well have rested not more than nine months of the backtime recommitment upon the valid alcohol abstinence requirement. With an alcohol consumption violation as the sole remaining valid basis for commitment the eighteen-month backtime is unsupported.

Accordingly, the board's denial of administrative relief is reversed, the recommitment order is vacated, and this matter is remanded to the board for reconsideration of the amount of backtime to be based solely upon the alcohol consumption violation.

## ORDER

NOW, June 10, 1986, the order of the Pennsylvania Board of Probation and Parole denying administrative relief, dated October, 19, 1985, is reversed, the recommitment decision of September 27, 1985 is vacated, and this case is remanded to the board for reconsideration of recommitment backtime to be based solely upon the violation of the alcohol consumption prohibition of the special parole condition.

Jursidiction retained.