522 A.2d 720

Steven Miller, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs November 25, 1986, to President Judge CRUMLISH, JR., Judge DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Leonard N. Sosnov,* Assistant Defender, with him, *John W. Packel,* Assistant Defender, Chief, Appeals Division, and *Benjamin Lerner,* Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE KALISH, March 20, 1987:

Petitioner, Steven Miller, seeks review of the decision of the Pennsylvania Board of Probation and Parole (Board) which denied his request for administrative relief from a Board recommitment order. We affirm.

Petitioner was charged with a violation of parole condition 5C, which requires that parolees refrain from any assaultive behavior, as a result of his alleged assault of Michelle Ward. Petitioner had a parole revocation hearing before a hearing examiner. The record of the hearing before the examiner shows that Michelle Ward, who had previously signed a statement under oath that petitioner had struck and bit her, now testified under oath that what she had previously said in her statement under oath was a lie. She further testified that she made the statement because she was angry at the petitioner, and that since she is his girlfriend, she would want him released so that they can live together at home.

The hearing examiner stated in her report to the Board that no violation of parole was established by a preponderance of the evidence, and recommended that parole be continued. The Board, relying on Michelle Ward's affidavit, found that petitioner violated parole condition 5C, and recommitted him to serve six months backtime.

Thus, we are confronted with the fact that the principal element of the revocation for which the petitioner was recommitted was established through the use of an out-of-court statement, under oath, made at a time when petitioner had no opportunity to cross-examine the witness as to the accuracy of the charge, and the witness in court now says that she lied.

The petitioner contends that under these circumstances it was error for the Board to consider a prior inconsistent statement as substantive evidence, because the Board did not see or hear the witness, and it could not judge credibility; that the revocation is based on pure hearsay in violation of *Grello v. Pennsylvania Board of Probation and Parole,* 83 Pa. Commonwealth Ct. 252, 477 A.2d 45 (1984); and that the revocation is not based on substantial evidence. It is well established that a prior inconsistent statement of a declarant who is a witness in a judicial proceeding, and is available for cross-examination, may be admissible in evidence as substantive evidence to prove the truth of the matters asserted therein. *Commonwealth v. Brady,* 510 Pa. 123, 507 A.2d 66 (1986); *Wilson v. Pennsylvania Board of Probation and Parole,* 97 Pa. Commonwealth Ct. 202, 509 A.2d 1335 (1986).

In *Brady,* the court, in a very thorough discussion of the admissibility of inconsistent statements as substantive evidence, concluded that the present trend is to consider such statements as relevant and reliable and therefore admissible. Of course, its weight is for the fact finder.

However, the issue goes beyond mere admissibility. Under our scope of review, we must determine whether the necessary findings are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *LaCourt v. Pennsylvania Board of Probation and Parole,* 87 Pa. Commonwealth Ct. 384, 488

A.2d 70 (1985). Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. *Duquesne Light Co. v. Workmen's Compensation Appeal Board (Zalar)*, 89 Pa. Commonwealth Ct. 496, 492 A.2d 1176 (1985). The rule of *Brady* is not addressed to the question of the sufficiency of the evidence, but merely to its admissibility. *United States v. Orrico*, 599 F. 2d 113 (6th Cir. 1979).

In accordance with *Gagnon v. Scarpelli*, 411 U.S. 778 (1973), a two-step procedure is required before revocation of parole:

> A parolee is entitled to two hearings, one a preliminary hearing at the time of his arrest and detention to determine whether there is probable cause to believe that he has committed a violation of his parole, and the other a somewhat more comprehensive hearing prior to the mailing of a final revocation decision.

*Id.* at 781-82.

In the first hearing, the Commonwealth must show probable cause. In the second hearing, the issue is whether the parolee has in fact violated his conditions for parole. It is this fact which must be shown by evidence of "probative value." *Commonwealth v. Davis*, 234 Pa. Superior Ct. 31, 336 A.2d. 616 (1975).

Here, there was a single revocation hearing encompassing the requirements of both hearings. The petitioner contends that while his proceeding did give the examiner probable cause to find that there was a violation, it was insufficient to satisfy the requirements of a second hearing because it was not based on evidence of "probative value," *i.e.*, it did not tend to prove the issue involved.

At the hearing, all of the Commonwealth's evidence was given by the parole agent. The witness, Michelle Ward, was present, as was the petitioner with his coun-

sel. Petitioner waived a full Board hearing and agreed that it be held by an examiner. Michelle Ward was examined, and testified as to why she changed her mind.

There were indicia of the reliability and probative value of Michelle Ward's out-of-court statement. The statement was made under oath, near the time of the incident. Such factors as the nature of the proceeding, the relationship of the parties, and motivation may be considered by the Board. The Board may conclude, as here, that what the witness says now is not the truth, and that the evidence is such as a reasonable mind might accept to support a conclusion.

The Board has the exclusive power to parole or recommit for violations of parole. Section 17 of the Pennsylvania Board of Parole Act (Parole Act), Act of August 6, 1941, P.L. 861, added by section 5 of the Act of August 24, 1951, P.L. 1401, as amended, 61 P.S. §331.17. A parolee who commits a technical violation is entitled to a hearing as of right. However, section 22 of the Parole Act, 61 P.S. §331.22, provides:

> In granting and revoking paroles, . . . the members of the Board acting thereon shall not be required to personally hear or see all the witnesses and evidence submitted to them for their action, but they may act on reports submitted to them by their agents and employes. . . .

From the above language, it is apparent that the legislature did not intend that the Board be required to hold a formal hearing in proceedings which are quasi-judicial in character. Accordingly, the hearing need only be summary in character.

The incidents in this matter occurred on December 15, 1984, and the Board decided the case on February 22, 1985. The *Brady* case was decided on March 26, 1986. Thus, the petitioner contends that the rule announced in *Brady* should not be applied to the instant

case because it was heard and tried before the decision in *Brady,* at a time when petitioner's revocation would have been based on hearsay evidence. *Grello.*

Because of the similarity of the factual situations involved in *Brady* and the instant case, the law in effect at the time of the appellate decision applies with equal force to both cases. In *Commonwealth v. Cabeza,* 503 Pa. 228, 233, 469 A.2d 146, 148 (1983), the court stated, "The question of whether to apply an enlightened rule in favor of a discredited one should not be determined by the fortuity of who first has his case decided by an appellate court."

Accordingly, we affirm.

### ORDER

Now, March 20, 1987, the decision of the Pennsylvania Board of Probation and Parole is affirmed.