527 A.2d 1107

Charles Johnson, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs December 10, 1986, to President Judge CRUMLISH, JR., Judges CRAIG, MACPHAIL, DOYLE, BARRY, COLINS and PALLADINO.

*Craig P. Miller,* for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE BARRY, June 30, 1987:

This is an appeal by Charles Johnson, petitioner, from an order of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief from a Board order recommitting him for a period of eighteen months for violation of a special condition of parole.

Petitioner was sentenced to consecutive prison terms, five months to thirty-six months for burglary and two months to twelve months for receiving stolen property. He was released on August 24, 1985, but recommitted on October 29, 1985, and charged with violation of Conditions 5(c) and 6. Condition 5(c) is a general condition prohibiting the parolee from engaging in assaultive behavior.[1] Condition 6 is a special condition which requires petitioner to refrain from consuming alcohol.[2] At the violation hearing, the Board dismissed charges that petitioner had violated Condition 5(c) but found petitioner guilty of having violated Condition 6 and recommitted him for eighteen months back time. Petitioner's request for administrative relief was denied on April 2, 1986.

---

[1] The *general* conditions of parole are set forth in 37 Pa. Code §63.4.

[2] The imposition of *special* conditions is regulated by 37 Pa. Code §63.5.

On appeal to this Court, petitioner argues that the Board's reliance on the parole agent's testimony that petitioner admitted consuming alcohol was in error because such testimony violates the exclusionary rule since petitioner was not given his *Miranda* warnings prior to questioning by the parole agent. In addition, petitioner argues that the recommitment of eighteen months is extremely harsh and contrary to recent case rulings by this Court. Finally, petitioner argues that the Board improperly relied on facts not in the record in deciding to recommit him.[3]

This Court is limited in its scope of review to determining whether necessary findings are supported by substantial evidence, an error of law committed or whether any of the parolee's constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704.

At the outset, we must reject petitioner's allegation that the Board erred by not excluding as evidence petitioner's comments to his parole agent. It is well settled that the Fourth Amendment's exclusionary rule is not applicable to parole revocation hearings. *Nickens v. Pennsylvania Board of Probation and Parole*, 93 Pa. Commonwealth Ct. 313, 502 A.2d 277 (1985). Section 9732 of the Judicial Code, 42 Pa. C. S. §9732, sets forth those items which may be included in a pre-sentence report following a criminal conviction. The rules of evidence in a proceeding before the Board of Probation and Parole are, by nature, more relaxed. Logically, therefore, the evidence offered here would be admissible in the recommitting phase of the Board proceedings.

---

[3] Petitioner specifically points to hearsay statements made by an unidentified store manager who, according to petitioner, refused to appear at the violation hearing.

Petitioner argues that his recommitment period of eighteen months for violation of special condition 6 is excessive and contrary to existing case law. The presumptive ranges governing general conditions are set forth in 37 Pa. Code §75 and include recommended minimum recommitment periods as well as recommended maximum recommitment periods. Special conditions carry a minimum presumptive range under 37 Pa. Code §75.3(f) but under a literal reading of Section 75.3(f) carry no maximum presumptive range:

> (f) Violations of special conditions of parole shall be dealt with at least as severely as the least serious of the general conditions, and time will be aggregated to determine a reparole consideration date.

Petitioner relies on *Knight v. Pennsylvania Board of Probation and Parole,* 98 Pa. Commonwealth Ct. 88, 510 A.2d 402 (1986). In *Knight* this Court ruled that, inasmuch as violation of General Condition 4 relating to Liquor Code violations has a presumptive range of three to nine months for a single violation, the Board can impose no more than nine months of back time recommitment when there is a violation of a special condition relating to consumption of alcohol.

The Board, however, has interpreted Section 75.3(f) as carrying a minimum of three months and a maximum of eighteen months. We have upheld this interpretation on other occasions deferring to the expertise of the Board to interpret its own regulation. *Lantzy v. Pennsylvania Board of Probation and Parole,* 82 Pa. Commonwealth Ct. 626, 477 A.2d 18 (1984); *Krantz v. Pennsylvania Board of Probation and Parole,* 86 Pa. Commonwealth Ct. 38, 483 A.2d 1044 (1984). *Wagner v. Pennsylvania Board of Probation and Parole,* 92 Pa. Commonwealth Ct. 132, 498 A.2d 1007 (1985). More recently, we pointed out the rationale accompanying the

Board's interpretation. "Presumably, this range was chosen because three months and eighteen months are respectively the shortest and the longest lengths of time established under the presumptive ranges for violations of general parole conditions." *Id.* at 138, 498 A.2d at 1010. Consequently, we believe our holding in *Knight,* with respect to this issue, is inconsistent with our past rulings and what we believe to be the proper interpretation of Section 75.3(f).

We hereby overrule *Knight* with respect to its interpretation and application of Section 75.3(f) and rule that petitioner's back time recommitment falls within the presumptive range under the accepted interpretation of presumptive ranges for violations of special conditions. We, therefore, in this case, shall not interfere with the Board's discretion since the back time ordered falls within the proper presumptive ranges.

Affirmed.

ORDER

Now, June 30, 1987, the order of the Pennsylvania Board of Probation and Parole, dated April 2, 1986 is affirmed.

Judge COLINS dissents.