529 A.2d 1164

Irwin Baker, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs April 16, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Lester G. Nauhaus,* Public Defender, with him, *John H. Corbett, Jr.,* Chief, Appellate Division, and

*Melaine Shannon Rothey,* Appellate Counsel, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, August 12, 1987:

This is an appeal by Irwin Baker (Petitioner) from an order of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief. For the reasons which follow, we affirm.

Petitioner was arrested after his ex-wife, with whom he was residing, telephoned the police to request that they remove firearms from her home.[1] A hearing was held before a Board hearing examiner at which time Petitioner admitted violating conditions 6a and 6b[2] of his parole. The Board concluded that Petitioner also violated condition 5b[3] and recommitted him as a technical parole violator to serve 21 months backtime for violating conditions 5b, 6a, and 6b.

At the hearing, Agent Janosko testified that Petitioner's ex-wife, Mrs. Baker, said the guns belonged to Petitioner. This was confirmed by Mrs. Baker.[4] Detec-

---

[1] The three weapons confiscated were a .22 caliber pump rifle, a 30/30 caliber Winchester with scope, and a .20 gauge pump shot Winchester.

[2] Petitioner was recommitted for 15 months for violations of special condition 6 (2 counts):
6a. 'must not consume alcohol', and
6b. 'failure to complete out-patient therapy for alcohol' (presumptive range: 3 to 18 months)

[3] Petitioner was ordered recommitted for six months for violation of condition 5b, "refrain from owning or possessing firearms or other weapons." (37 Pa. Code §63.4(5)(ii)) (presumptive range: 6 to 12 months)

[4] At the hearing, Mrs. Baker testified as follows:
Q. Did you indicate to the Police at any time that the guns belonged to Joe Baker or simply that they were in the house and available to him?

tive Grassi testified that Petitioner's son said his father bought the guns for him and he also testified that Mrs. Baker said Petitioner brought the guns home one night. Petitioner, his son, and his mother, all testified that Petitioner's mother bought the guns for Petitioner's son. Despite her earlier statement that the guns belonged to Petitioner, Mrs. Baker now also testified that Petitioner's mother bought the guns and that they belonged to her son.

On appeal to this Court, Petitioner asserts that the Board erred in finding that he violated condition 5b of his parole because the Board did not prove a violation of 5b by a preponderance of the evidence. While preponderance of the evidence is the burden of proof which must be met before the Board, *O'Hara v. Pa. Board of Probation and Parole*, 87 Pa. Commonwealth Ct. 356, 487 A.2d 90 (1985), on appeal to this Court, our scope of review is limited to a determination of whether the decision is in accordance with the law, is supported by substantial evidence, or violates the constitutional rights of Petitioner. Section 704 of the Administrative Agency Law, 2 Pa C. S. §704, *Hill v. Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole*, 89 Pa. Commonwealth Ct. 140, 492 A.2d 80 (1985). Since Petitioner does not contend that there is an error of law or violation of a constitutional right, we are limited to considering whether the decision of the Board is supported by substantial evidence. Substantial evidence is "such relevant evidence as a reasonable mind might accept to support a conclusion of law." *Mil-*

---

A. I told them they were his, I think, I don't know I was so upset. I just said I wanted them out . . .

HEARING EXAMINER TORBIC: . . . Did you tell the police they were Mr. Baker's guns?

A. I think I did. I'm not sure but I think so.

*ler v. Pennsylvania Board of Probation and Parole,* 105 Pa. Commonwealth Ct. 24, 522 A.2d 720, 722 (1987).

Petitioner also asserts that the testimony of his witnesses outweighs the hearsay testimony of the Board's witnesses, Agent Janosko and the police officers. We disagree. The unobjected to testimony of the Board's witnesses is hearsay but is admissible in a parole revocation hearing, although the decision to recommit may not be based solely on hearsay. *Grello v. Commonwealth of Pa., Pennsylvania Board of Probation and Parole,* 83 Pa. Commonwealth Ct. 252, 477 A.2d 45 (1984). It is the function of the Board as fact-finder, and not this Court, to weigh the evidence, make witness credibility determinations, and resolve conflicts in the evidence. *Chapman v. Pennsylvania Board of Probation and Parole,* 86 Pa. Commonwealth Ct. 49, 484 A.2d 413 (1984). The Board based its decision that Petitioner violated condition 5b on the testimony of Petitioner, Mrs. Baker, Agent Janosko, and the police officers. The testimony of Agent Janosko and Detective Grassi is corroborated by Mrs. Baker's testimony and is substantial evidence to support the decision of the Board.

## ORDER

AND NOW, August 12, 1987, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is affirmed.