541 A.2d 804

Norbert J. Baumgart, Petitioner *v.* Workmen's Compensation Appeal Board (Pullman Standard), Respondents.

72

Argued October 8, 1987, before Judges MACPHAIL and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Marilyn J. Horan, Murrin, Taylor, Flach & Horan,* for petitioner.

*Roy F. Walters,* with him, *Michael E. Relich, Fried, Kane, Walters & Zuschlag,* for respondents.

OPINION BY JUDGE PALLADINO, December 17, 1987:

Norbert J. Baumgart (Petitioner) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision granting Pullman Standard's (Employer) petition for modification. For the reasons set forth below, we reverse.

On August 17, 1978, Petitioner sustained a work-related injury to his back. Pursuant to a notice of com-

pensation payable, Employer paid benefits to Petitioner at a rate of $213 per week. On July 29, 1982, Employer filed a petition for modification alleging that Petitioner's injuries had resolved into only a partial disability and that suitable work had been made available to Petitioner.

Following a hearing, a referee found that as of March 31, 1982, Petitioner's disability had resolved itself into a partial disability whereby he was able to perform sedentary and other light work. The referee further found that a position of in-plant truck driver was made available to Petitioner as of March 31, 1982. In his conclusions, the referee stated: "The [Petitioner] is able to perform work with restrictions imposed upon his return to work by his physician and the record reflects that a job has been made available to him from which he would be able to establish an earning capacity of $360.00 a week."

The referee concluded by granting Employer's petition for modification and reducing Petitioner's weekly benefits to a rate of $106.66 per week.

Petitioner makes two arguments. First, he argues that the record does not contain substantial evidence to support the referee's finding that a suitable position was made available to him. Second, Petitioner contends that because the determination as to the suitability of the allegedly offered position was made *after* the alleged offer was withdrawn, the Board erred in affirming the referee's grant of Employer's modification petition.

Our scope of review is limited to whether the Board has committed an error of law, violated a constitutional right, or whether necessary findings of fact are not supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704. In the very recent case of *Kachinski v. Workmen's Compensation Appeal Board,* 516 Pa. 240, 532 A.2d 374 (1987), our

Supreme Court upheld this court's holding that in a petition for modification of disability benefits, the employer has the burden of showing that work, which a partially disabled claimant is capable of performing, must be actually available to the claimant. *Id.* at 244, 532 A.2d at 376. Actual availability means that "[t]he work . . . must be *actually* available, that is, *in fact within his reach, and must be brought to his notice by the employer." Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.),* 91 Pa. Commonwealth Ct. 543, 545-46, 498 A.2d 36, 38 (1985) (emphasis added in part).

Petitioner contends initially that while a suitable position may have been available, the referee's finding that such a position was in fact made available to him, *i.e.* that he had actual notice of it, is not supported by substantial evidence. We agree.

The critical finding of the referee is based on the deposition testimony of Joseph McCabe, a rehabilitation counselor. McCabe testified that he had contacted International Mill Service (International Mill), a company that employs truck drivers and other workers for slag producing operations in steel mills owned by other companies, and was told by John Carrol, International Mill's manager, that an in-plant truck driver position with International Mill was available as of mid-March, 1982. The position in question was available at International Mill's operation located in the Babcock & Wilcox Steel Mill in West Mayfield, Pennsylvania. McCabe testified that he told Petitioner about this position when he visited his house on March 18, 1982 and in a follow-up letter dated March 26, 1982. This letter states in part: "[W]e also advised you that [we] located several positions that would be suitable for you. These included: 1.) *In-Plant Truck Driver at Babcock-Wilcox,* salary

at $8. to $9. per hour." (Emphasis added.) McCabe stated that the letter accurately reflected what he told Petitioner when he visited his house. McCabe also stated that he did not recall whether he had given Carrol's name to Petitioner for him to contact concerning the position. McCabe acknowledged that Babcock & Wilcox and International Mill are two separate entities, and stated that he did not speak with the personnel manager at Babcock & Wilcox about the International Mill position. Babcock & Wilcox is a steel corporation which also employs a number of in-house truck drivers for its steel operations and maintains a personnel office completely independent of International Mill. McCabe's testimony supports a finding that Petitioner was told that a position was available at Babcock & Wilcox. However, this position was available with *International Mill* at the Babcock & Wilcox plant and *not* with Babcock & Wilcox's operations. There is no evidence to show that Petitioner was made aware that the position was available with International Mill, nor is there evidence to show that he was told to contact John Carrol, International Mill's personnel manager. In short, the testimony shows that the employer Petitioner was advised to contact was the wrong employer.

Petitioner testified that following the discussion with McCabe, he contacted Babcock & Wilcox to apply for the truck driver position. He stated that Babcock & Wilcox's personnel manager told him that the job reference from the rehabilitation counselor probably referred to a potential strike of in-plant truck drivers and that, should there be a strike, such positions would become available. Petitioner further testified that when he called back two days later, he was told that the strike was settled and no positions were available. He stated that he was never referred to International Mill and that he had never heard of International Mill until six

76

months later, at which time no positions were available. Employer presented no evidence to contradict these assertions.

Substantial evidence is evidence that a reasonable mind could accept to support the conclusion reached in the specific finding of fact. *Duquesne Light Co. v. Workmen's Compensation Appeal Board (Zalar)*, 89 Pa. Commonwealth Ct. 496, 492 A.2d 1176 (1985). After a thorough review of the record, we conclude that the referee's finding that the in-house truck driver position *with International Mill* was actually made available to Petitioner and that he was specifically advised of it is not supported by substantial evidence. Therefore, we hold that Employer has not met his burden of proving he made work available which Claimant was capable of performing.

Accordingly, the order of the Board is reversed.[1]

ORDER

AND NOW, December 17, 1987, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is reversed.

---

[1] Since Petitioner's argument regarding substantial evidence disposes of the case, we need not address his second contention.