537 A.2d 89

Ronald E. Woodling, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs December 14, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Frederick I. Huganir*, Assistant Public Defender, for petitioner.

*Arthur R. Thomas*, Assistant Chief Counsel, with him, *Robert A. Greevy*, Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, February 8, 1988:

Ronald E. Woodling (Petitioner) appeals the order of the Pennsylvania Board of Probation and Parole

(Board) which recommitted him as a technical parole violator to serve fifteen months backtime for violation of a Special Condition of his parole. We affirm.

Petitioner was convicted of one count of statutory rape and six counts of corruption of minors, one of which involved a thirteen year old child. He was paroled from a state correctional institution on May 8, 1986 upon the Special Condition that he· not associate with minors (under age eighteen) who were not close relatives (first degree) without his parole agent's prior approval. Petitioner secured employment as the director of a play to be performed at the Blue-Tee Restaurant Dinner Theater. One of the actors cast in the production was a thirteen year old boy. Petitioner arranged to be alone with the boy both in his home and in his van during January and February of 1987. The boy came to Petitioner's home to try on and receive some of Petitioner's shirts, which Petitioner offered to the child after he learned the child did not have enough for school. After the child accepted the shirts, Petitioner made a practice of transporting the child to and from rehearsals in his van. Petitioner did not have his parole agent's permission to associate with the child. On February 28, 1987, a warrant was issued for Petitioner as a technical parole violator. The Board recommitted Petitioner after hearing to serve fifteen months backtime. Petitioner's timely request for administrative relief was denied and this petition for review followed.

Petitioner's sole argument is that the Special Condition "to associate with" is unworkably vague and therefore violative of constitutional due process. In *Knight v. Board of Probation and Parole,* 98 Pa. Commonwealth Ct. 88, 510 A.2d 402 (1986), we held that a Special Condition of parole cannot be so vague that men of common intelligence must guess at its meaning. We rejected a Special Condition that a parolee must stay away

from a mall during "late" evening hours because we could not arrive at any sure or workable meaning as to when "late" began. The parole authorites could easily have specified a definite time and avoided the entire problem. In the present case we can certainly arrive at a sure and workable meaning as to what "do not associate with minors" means in the context of a convicted sex offender.[1] It means stay away from children. It particularly means do not invite children into your home when you are alone to try on clothes with them.

Several federal courts have rejected claims that "associate" in a parole condition is unconstitutionally vague while defining the term as "something more than merely a fleeting or casual acquaintance." *Birzon v. King*, 469 F.2d 1241, 1243 (2nd Cir. 1972). *See also Arciniega v. Freeman*, 404 U.S. 4, 92 S.Ct. 22, 30 L.Ed.2d 126 (1971); *Alessi v. Thomas*, 620 F.Supp. 589 (S.D.N.Y. 1985). We adopt the federal definition. The term "associate" is an ordinary term used to express ideas which find adequate interpretation in common usage and understanding. *Birzon* at 1243. It therefore satisfies the constitutional requirement of reasonable certainty. Finding no merit in Petitioner's argument, we will affirm the order of the Board.

## ORDER

Now, February 8, 1988, the order of the Pennsylvania Board of Probation and Parole dated June 16, 1987, denying Ronald E. Woodling administrative relief is hereby affirmed.

---

[1] In determining the sufficiency of notice a statute, or in this case a parole condition, must of necessity be examined in the light of the conduct with which a defendant is charged. *United States v. Raines*, 362 U.S. 17, 22, 80 S.Ct. 519, 4 L.Ed.2d 524 (1960).