Ronald L. MICKEL, Petitioner,

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 16, 2002.
Decided Nov. 18, 2002.

Ines M. Massella, Erie, for petitioner.

Arthur R. Thomas, Harrisburg, for respondent.

BEFORE: FRIEDMAN, Judge, LEADBETTER, Judge, and MIRARCHI, JR., Senior Judge.

OPINION BY Senior Judge MIRARCHI.

■ Ronald L. Mickel (Mickel), an inmate at the State Correctional Institution at Pine Grove, appeals from an order of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief from the order of the Board recommitting him as a technical parole violator. The issue on appeal is whether the Board may recommit a parolee based on the witness' prior statement contradicting his or her testimony at a parole violation hearing. We affirm.

The record certified to this Court reveals the following relevant facts. Mickel was paroled on April 10, 2001 while serving sentences for his 1990 and 1991 convictions. On October 17, 2001, Mickel's longtime paramour, Tracy Chrzanowski, met with the parole agent and accused Mickel of punching, slapping and spitting on her and threatening to kill her two weeks earlier. Chrzanowski reduced her statement to a writing and had it notarized on the same day. Based on the information provided by Chrzanowski, the Board on October 17, 2001 arrested Mickel for violating the Parole Condition # 5C which required him to refrain from any assaultive behavior.

■ At a subsequent parole violation hearing held on October 29, 2001, Chrzanowski recanted her previous statement made to the parole agent. She testified that she lied to the parole agent because she was vindictive and angry at Mickel when he did not show up to take her for a pregnancy test on her birthday, October 17, 2001, and because she later learned that her car was totaled. Chrzanowski's notarized statement dated October 17, 2001 was admitted into evidence at the hearing. Accepting Chrzanowski's previous written statement and rejecting her conflicting testimony, the Board recommit-

ted Mickel as a technical parole violator to serve twelve-month backtime for violating the Parole Condition # 5C. After the Board denied his request for administrative relief, Mickel appealed to this Court.[1]

Mickel contends that the Board improperly relied on Chrzanowski's prior inconsistent statement as substantive evidence of his parole violation, and in the alternative, that her prior statement, even if admissible, does not establish a parole violation.

■ Generally, the evidentiary rules are not strictly applied in a proceeding before the Board. *Johnson v. Pennsylvania Board of Probation & Parole*, 107 Pa. Cmwlth. 183, 527 A.2d 1107, 1108 (1987). To address the admissibility of a prior inconsistent statement in a parole violation proceeding, however, it is necessary to examine the case law which has evolved since the Pennsylvania Supreme Court's decision in *Commonwealth v. Brady*, 510 Pa. 123, 507 A.2d 66 (1986), a criminal case.

In *Brady*, the Supreme Court reconsidered the long-standing evidentiary rule that prior inconsistent statements of a non-party witness may be used only for the limited purpose of impeaching the credibility of the witness, not as substantive evidence to prove the truth of the matters asserted therein. The Court in *Brady* discarded this "antiquated" evidentiary rule and held that the prior inconsistent tape-recorded statement of the Commonwealth's witness was admissible as substantive evidence where she was a witness at trial and available for cross-exami-

nation. *Id.* at 125, 507 A.2d at 67. The Court reasoned:

> The out-of-court declaration was made under highly reliable circumstances assuring that they were voluntary, knowing and understanding. Moreover, and more importantly, the declarant testified at trial ... and was extensively questioned by both the prosecutor and defense counsel as to the respective validity of each statement and as to the discrepancy between them. The jury had more than adequate opportunity to observe witness' demeanor, hear her testimony and explanation and assess her credibility.

*Id.* at 133, 507 A.2d at 71.

Later in *Commonwealth v. Lively*, 530 Pa. 464, 471, 610 A.2d 7, 10 (1992), the Supreme Court clarified its earlier holding in *Brady* "to ensure that only those hearsay declarations that are demonstrably reliable and trustworthy are considered as substantive evidence." The Court held that a prior inconsistent statement may be admitted as substantive evidence, only when the statement (1) was given under oath at a formal legal proceeding; (2) was reduced to a writing signed and adopted by the witness; or (3) was a contemporaneous verbatim recording of the witness' statement.

The Supreme Court subsequently incorporated its holdings in *Brady* and *Lively* into Rule 803.1(1) of the Pennsylvania Rules of Evidence, Pa.R.E. 803.1(1), which was adopted on May 8, 1998 to be effective October 1, 1998.[2] Rule 803.1(1) provides in relevant part:

1. This Court's scope of review is limited to determining whether necessary findings of the Board are supported by substantial evidence, whether an error of law was committed, or whether the parolee's constitutional rights were violated. *Presley v. Pennsylvania Board of Probation & Parole*, 748 A.2d 791 (Pa.

Cmwlth.2000), *appeal denied*, 568 Pa. 674, 795 A.2d 982 (2000).

2. Generally, the Pennsylvania Rules of Evidence are applicable only to "proceedings in all courts" of the unified judicial system. Pa. R.E. 101.

**Rule 803.1. Hearsay Exceptions; Testimony of Declarant Necessary**

 The following statements, as hereinafter defined, are not excluded by the hearsay rule if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement:

(1) Inconsistent Statement of Witness

. . . .

**(1) Inconsistent Statement of Witness**

A statement by a declarant that is inconsistent with the declarant's testimony, and (a) was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition, or (b) is a writing signed and adopted by the declarant, or (c) is a verbatim contemporaneous recording of an oral statement.[3]

 In *Miller v. Pennsylvania Board of Probation & Parole*, 105 Pa.Cmwlth. 24, 522 A.2d 720 (1987), which was decided right after the *Brady* decision, this Court retroactively applied *Brady* and concluded that the prior sworn inconsistent statement of the witness was admissible as substantive evidence of the parolee's parole violation. Since the decision in *Miller*, this Court has not considered the admissibility of a prior inconsistent statement in a parole violation proceeding under *Lively* and Pa.R.E. 803(1)(1). We now hold that a prior inconsistent statement of a witness is admissible as substantive evidence in a proceeding before the Board, if it satisfies the requirements set forth in *Brady* and *Lively* incorporated into Pa.R.E. 803(1)(1).

In this matter, Chrzanowski accused Mickel of engaging in assaultive behavior in her previous sworn statement in writing. She was extensively questioned about the discrepancies between her prior statement and her testimony at the hearing. Her prior inconsistent statement, therefore, satisfied the requirements under *Brady* and *Lively* incorporated into Pa.R.E. 803(1)(1) and was admissible as substantive evidence of Mickel's parole violation.

Relying on *Commonwealth v. Johnson*, 536 Pa. 153, 638 A.2d 940 (1994), which was decided after *Lively* and before the adoption of the Pennsylvania Rules of Evidence, Mickel argues, however, that Chrzanowski's prior inconsistent statement should not have been admitted as substantive evidence of his assaultive behavior because "[h]er hearing testimony calls into question the reliability and trustworthiness of her out of court statement." Mickel's Brief, p. 9.

Mickel's reliance on *Johnson* is misplaced. In *Johnson*, the defendant sought to introduce the testimony of his niece as to what the six or seven year old victim told her who was eight years old at the time of the alleged assault. The proffered testimony would be inconsistent with her prior statement. The issue in *Johnson* was whether Section 3104 of the Crimes Code, *as amended*, 18 Pa.C.S. § 3104, commonly known as the Rape Shield Law, "bars admission of evidence that a rape victim had previously been a victim in another nonconsensual sexual assault." *Id.* at 155, 638 A.2d at 940–41. The Court concluded that although admission of the proffered testimony regarding the victim's previous sexual assault was not prohibited by the Rape Shield Law, such evidence was not relevant to the issue in the case. Citing *Brady* and *Lively*, the Court fur-

---

**3.** Inconsistent statements of a witness that do not qualify as exceptions to the hearsay rule may still be introduced to impeach the credibility of the witness. *See* Comment to Rule 803.1(1).

ther stated that "[t]o be admissible a prior inconsistent statement must have been uttered under highly reliable circumstances which would render the inferences to be drawn from it more probable than not." *Id.* at 159, 638 A.2d at 943. The Court, however, never repudiated its previous holdings in *Brady* and *Lively.* Moreover, *Johnson* was decided under the unique circumstances involving the statements made by the very young children, and consequently, its holding should be limited to the facts of that case.

Moreover, once the witness' inconsistent statement is admitted as substantive evidence, it is up to the factfinder to accept or reject the prior statement contradicting the subsequent testimony at the hearing. *Plair v. Pennsylvania Board of Probation & Parole,* 104 Pa.Cmwlth. 297, 521 A.2d 989 (1987). The Board in this matter chose to accept Chrzanowski's prior written, sworn statement which contradicted her testimony at the hearing. Her prior inconsistent statement supports the Board's finding that Mickel was engaged in assaultive behavior in violation of the Parole Condition # 5C.

Accordingly, the order of the Board is affirmed.

Judge LEADBETTER concurs in result only.

### ORDER

AND NOW, this 18th day of November, 2002, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is affirmed.