# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Holloway, :
             Petitioner :
              :
             v. : No. 207 C.D. 2025
              : Submitted: August 1, 2025
Pennsylvania Parole Board, :
             Respondent :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE STACY WALLACE, Judge
                HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER      FILED: August 19, 2025

James Holloway (Petitioner) petitions for review of the January 13, 2025 Order of the Pennsylvania Parole Board (Board) that denied Petitioner's administrative appeal from his recommitment for nine months as a technical parole violator (TPV) based on his failure to comply with special condition number 7 of his parole. On appeal, Petitioner argues the Board's Order should be reversed because the record lacks substantial evidence to support the finding that Petitioner violated special condition number 7, his medical privacy rights were violated, and his sentence was complete prior to the events in this matter. Upon review, we affirm.

## I. BACKGROUND

On December 2, 2019, Petitioner was sentenced to two years, six months to seven years in prison for, among other offenses, indecent assault by forcible compulsion and robbery, with an original maximum date of August 10, 2025. (Certified Record (C.R.) at 1-4.) Petitioner was granted parole on December 20,

2022, and released on January 10, 2023. (*Id.* at 9-21.) The Board declared Petitioner delinquent as of August 31, 2023, and issued a warrant to commit and detain on September 29, 2023. (*Id.* at 22-23.) By Notice of Board Decision mailed on January 9, 2024, the Board recommitted Petitioner for six months as a TPV for violating two conditions of his parole, and his maximum date changed to September 8, 2025, due to his delinquency. (*Id.* at 24-28.)

Petitioner was reparoled on March 29, 2024, subject to certain conditions, including special condition 7, which due to his conviction for indecent assault by forcible compulsion required that Petitioner enroll in, among other programs,[1] an outpatient sex offender treatment at Project Point of Light. (*Id.* at 29-52.) That condition required Petitioner to attend meetings, submit to a sexual offender evaluation, and follow all treatment recommendations. (*Id.* at 49-50.) This condition also required that Petitioner sign a release to allow communication between Project Point of Light and the Board's field staff "to ensure [his] compliance with program recommendations." (*Id.*) Petitioner signed the conditions of parole, acknowledging the conditions and the penalties if he violated them, and he was released. (*Id.* at 49-52.)

The Board issued a warrant to commit and detain Petitioner on May 20, 2024. (*Id.* at 53.) Petitioner received a notice of charges and hearing, indicating he was charged with violating special condition number 7 by not completing the sexual offender evaluation process and not signing the release forms for that program. (*Id.* at 54-55.) A violation panel hearing was held on July 10, 2024, at which Petitioner

---

[1] In addition, Petitioner had to enroll in treatment programs related to domestic violence and drug and alcohol use, submit to a drug and alcohol evaluation, and follow all treatment recommendations. (C.R. at 51-52.)

2

was represented by counsel and testified, and a Program Clinician Licensed Social Worker (Social Worker) from Project Point of Light testified. (*Id.* at 65-95.)

Social Worker was questioned by Petitioner's parole officer, and she testified that she was to perform a three-hour evaluation of Petitioner on May 16, 2024, but he refused to sign any of the paperwork associated with the evaluation and any potential treatment, including the releases. (*Id.* at 83-84.) Social Worker indicated that she told Petitioner he did not have to sign the paperwork related to treatment at that time, but he needed to sign some of the forms in order for her to perform the evaluation. (*Id.* at 83-84) Per Social Worker, Petitioner refused to sign the forms because he believed he was no longer on parole, and, while he wanted the evaluation, he did not want the information released. (*Id.* at 84.) Without Petitioner's signature, Social Worker could not perform the evaluation, she advised Petitioner of this, and she asked him to leave when he became upset. (*Id.* at 84-85.) Social Worker emailed Petitioner's parole agent on May 17, 2024, describing the interaction and advising that Petitioner had not successfully completed the evaluation due to his not signing the requisite forms. (*Id.* at 85-86, 97-98.) On cross-examination by Petitioner's counsel, Social Worker denied that Petitioner asked to take the documents with him to review or discuss with an agent. (*Id.* at 86-88.) Social Worker explained that signing the documents did not require Petitioner to treat with Project Point of Light, Petitioner could have taken the documents to review them, but no evaluation could occur without his signature on those documents. (*Id.* at 88.) The documents that Petitioner refused to sign were not introduced into evidence. (*Id.* at 94.)

Petitioner testified he was surprised that the evaluation was to last three hours and did not want to sign the "contract" Social Worker presented to him, which he did not understand and believed would require him to treat with Project Point of

3

Light.  (*Id.* at 90.)  He was not given the opportunity to take the documents to have them reviewed.  (*Id.*)

The Board issued a Notice of Board Decision, mailed on July 25, 2024, finding that Petitioner violated special condition number 7 based on the testimony of Petitioner's parole agent, Social Worker, and Petitioner, as well as the exhibits introduced into the record.  (*Id.* at 118-20.)  Based on that violation, the Board recommitted Petitioner to serve nine months as a TPV.  (*Id.* at 118.)  Petitioner filed an administrative appeal, arguing that the documents he allegedly refused to sign were not presented at the hearing despite his request that they be available, the evidence relied upon was hearsay, he tried to be evaluated but Social Worker would not do so, his parole agent did not testify at the hearing, and his right to medical privacy would be violated if made to sign the release.  (*Id.* at 121-32.)  Petitioner also argued that his underlying sentences had been "satisfied" as of May 8, 2024, per the Clerk of Courts of Dauphin County, which the Board ignored when recommitting Petitioner as a TPV.  (*Id.* at 121-32, 139-40.)  In a separate filing, Petitioner questioned the Board's imposition of the nine-month recommitment as being unauthorized.  (*Id.* at 134.)

The Board denied the administrative appeal and affirmed Petitioner's recommitment for nine months.  (*Id.* at 143-44.)  It explained Petitioner had an opportunity to contest the charges against him at the July 10, 2024 hearing based on his failure to comply with special condition number 7.  The Board found that Social Worker's credible testimony established that Petitioner arrived at his evaluation but refused to sign any documents, notwithstanding being told that the refusal to sign would mean no evaluation could occur.  She credibly testified that Petitioner left without being evaluated.  Petitioner's conditions of parole were entered into

4

evidence and required him to undergo an outpatient sex offender evaluation and treatment, if appropriate, and he did not do so. The Board stated that its decision to credit Social Worker's testimony over Petitioner's is not subject to challenge. (*Id.* at 143 (citing *Chapman v. Pa. Bd. of Prob. & Parole*, 484 A.2d 413 (Pa. Cmwlth. 1984)).) It further explained that because this was Petitioner's second technical parole violation, Section 6138(d)(3)(ii) of the Prisons and Parole Code (Code), 61 Pa.C.S. § 6138(d)(3)(ii), authorized the nine-month recommitment period.[2] Finally, to the extent Petitioner challenged his sentence structure and claimed he had satisfied his sentence, the Board held that such questions were for the Department of Corrections (DOC), and the Board could only rely on the records before it, which reflected that Petitioner's maximum date was September 8, 2025. Accordingly, the Board denied Petitioner's administrative appeal and affirmed the Notice of Decision. Petitioner now seeks review of the Board's Order.[3]

---

[2] Section 6138(d)(3)(ii) provides:

> **(d) Recommitment to correctional facility.--**A technical parole violator recommitted to a State correctional institution or a contracted county jail under subsection (c) shall be recommitted as follows:
> . . . .
> (3) Except as set forth in paragraph (4) or (5), the offender shall be recommitted for one of the following periods, at which time the offender shall automatically be reparoled without further action by the [B]oard:
> . . . .
> (ii) For the second recommitment under this subsection for the same sentence, a maximum of nine months.

61 Pa.C.S. § 6138(d)(3)(ii).

[3] We review the Board's Order to determine "whether the decision was supported by substantial evidence, whether an error of law occurred[,] or whether constitutional rights were violated." *Brown v. Pa. Bd. of Prob. & Parole*, 184 A.3d 1021, 1023 n.5 (Pa. Cmwlth. 2017) (quoting *Ramos v. Pa. Bd. of Prob. & Parole*, 954 A.2d 107, 109 n.1 (Pa. Cmwlth. 2008)).

## II. DISCUSSION

### A. Whether the Board's Decision is Supported by Substantial Evidence

On appeal, Petitioner argues the Board's finding that he violated special condition number 7 is not supported by substantial evidence. Petitioner maintains none of the evidence the Board relied upon in its decision was presented at the July 10, 2024 hearing. Petitioner submits that the testimony shows he appeared for the evaluation as required by the conditions of his parole but was presented with a stack of papers to sign, without explanation of what they were and little opportunity to review or seek review of those papers. In Petitioner's view, he attempted to comply with this special condition of parole but was not given the opportunity to do so by Social Worker.

The Board responds that its decision is supported by substantial evidence, including the parole documents setting forth the conditions Petitioner agreed to before he was paroled and Social Worker's credited testimony that Petitioner did not do what was necessary for him to be evaluated as required by special condition number 7. According to the Board, the facts that Petitioner views the evidence differently than the Board and believes he "explain[ed] away his conduct," (Board's Brief (Br.) at 5), does not mean its findings are not supported by substantial evidence.

At a parole violation hearing, the Board bears the burden of proving, by a preponderance of the evidence, that the parolee violated the terms and conditions of his or her parole. *Price v. Pa. Bd. of Prob. & Parole*, 863 A.2d 173, 175 (Pa. Cmwlth. 2004). A preponderance of the evidence is "such proof as leads the fact[]finder . . . to find that the existence of a contested fact is more probable than its nonexistence." *Sigafoos v. Pa. Bd. of Prob. & Parole*, 503 A.2d 1076, 1079 (Pa. Cmwlth. 1986).

6

In making its determination, the Board can consider all the admissible evidence proffered, but "its determination must rest on a foundation of substantial evidence." *Brown v. Pa. Bd. of Prob. & Parole*, 806 A.2d 984, 986 (Pa. Cmwlth. 2002). The reviewing court "leave[s] the sufficiency of the evidence to the Board's discretion, and we will not interfere with [its] finding of a technical parole violation if it is supported by substantial evidence." *Flowers v. Pa. Bd. of Prob. & Parole*, 987 A.2d 1269, 1271 n.2 (Pa. Cmwlth. 2010). "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept to support a conclusion." *Miller v. Pa. Bd. of Prob. & Parole*, 522 A.2d 720, 721 (Pa. Cmwlth. 1987). That there may be "conflicting testimony or evidence in the record does not mean the Board's findings are not supported by substantial evidence." *Harper v. Pa. Bd. of Prob. & Parole*, 520 A.2d 518, 523 (Pa. Cmwlth. 1987). Moreover, it is the Board, not the reviewing court, that is the ultimate factfinder, and the Board has the authority to evaluate witness credibility, resolve evidentiary conflicts, and assign evidentiary weight. *Price*, 863 A.2d at 175.

We conclude that the record contains credible evidence that "a reasonable mind might accept to support" the Board's finding that Petitioner violated special condition number 7, and, therefore, that finding is supported by substantial evidence. *Miller*, 522 A.2d at 721. Relevantly, special condition number 7 required that Petitioner: enroll in outpatient sex offender treatment with Project Point of Light; undergo an evaluation with that entity; attend any appointments or meetings scheduled; successfully complete all treatment recommendations; and sign a release that would allow Project Point of Light to communicate with the Board's field staff and DOC. (C.R. at 48-50.) By signing the conditions of his parole, Petitioner expressly acknowledged these requirements, that he understood them, and that his

7

failure to comply could result in his arrest and the revocation of his parole. (*Id.* at 49-50.) A reasonable mind might accept this evidence as supporting that special condition number 7 required Petitioner to **successfully** obtain a sexual offender evaluation from Project Point of Life and sign releases as conditions of his parole.

As for Petitioner's failure to comply with this special condition, Social Worker credibly testified that Petitioner appeared for the evaluation but refused to sign the documents needed to perform that evaluation. (*Id.* at 83-84.) Social Worker explained that when Petitioner was given the opportunity to sign only the documents related to the evaluation, rather than those associated with treatment, Petitioner still refused to do so because he believed his case had been thrown out and he was no longer on parole. (*Id.* at 83-84.) Because Petitioner would not sign any of the documents, Social Worker explained, no evaluation could be completed. (*Id.* at 84-85.) A reasonable mind could accept Social Worker's credited testimony as supporting the finding that Petitioner did not comply with special condition number 7.

While Petitioner may view the evidence differently and believe that he gave a credible excuse for not signing the documents needed for Social Worker to perform the evaluation, the Board is the ultimate factfinder, and the existence of contrary evidence in the record does not mean the Board's finding is not supported by substantial evidence. *Harper*, 520 A.2d at 522-23. Ultimately, the credible and substantial evidence of record "le[]d[] the fact[]finder . . . to find that the existence of a contested fact," Petitioner's violation of special condition number 7, was "more probable than its nonexistence." *Sigafoos*, 503 A.2d at 1079. Therefore, the Board met its burden of proving the fact of Petitioner's violation of that special condition by a preponderance of the evidence, which supports the Board's decision to

8

recommit Petitioner as a TPV. *Id.*; *Price*, 863 A.2d at 175. If the Board's "finding of a technical parole violation . . . is supported by substantial evidence," "we will not interfere with [that] finding." *Flowers*, 987 A.2d at 1271 n.2.

### B. Petitioner's Other Arguments

Petitioner also argues in his pro se Petition for Review that: (1) Project Point of Light violated the Health Insurance Portability and Accountability Act of 1996 (HIPAA)[4] and its regulations by disclosing protected health information to Petitioner's parole agent without authorization or necessary safeguards; and (2) Petitioner was no longer on parole at the time of the evaluation due to the completion of his sentence. Petitioner's counsel addresses these issues in the brief filed on Petitioner's behalf but explains therein that these issues are without merit, a conclusion with which this Court agrees.

On the first issue, the only disclosure Social Worker made to Petitioner's parole agent was that no evaluation could be performed due to Petitioner's refusal to sign the necessary documents. As part of his parole, Petitioner agreed to be evaluated and to sign a release to allow Project Point of Light to communicate with the Board and its field staff, and he acknowledged that he could be penalized if he did not follow through on the conditions. (C.R. at 49-50, 96.) We do not see how Social Worker's email advising that no evaluation could occur due to Petitioner's actions constituted a release of sensitive patient data in violation of HIPAA.

On the second issue, Petitioner relies on exhibits he submitted with his administrative appeal and the Petition for Review, (*id.* at 140-41; Petition for

---

[4] Pub. L. No. 104-191, 110 Stat. 1936 (codified as amended in scattered sections of Titles 18, 26, 29, and 42 of the United States Code). The Petition for Review actually refers to this as a "hypo violation" or a violation of "the hypo act," (Pet. for Rev. at 5-7), but his counsel believes, and this Court agrees, that Petitioner intended to invoke HIPAA.

Review, Exs. 1-2), and identifies as Entry of Satisfactions purportedly showing that his judgment for the relevant sentences has been satisfied. First, we question whether these filings relate to the actual sentence of incarceration given that they pertain to a civil action filed by the Dauphin County Clerk of Courts as plaintiff against Petitioner as defendant. (C.R. at 140-41.) Second, the controlling maximum date in **this** record is September 8, 2025, per the Board's January 3, 2024 Notice of Decision, which Petitioner did not appeal. As the Board observed in its Order, and Petitioner's counsel notes in Petitioner's brief, (Petitioner's Br. at 44), any argument as to the misapplication of time credit on the original sentence must be directed to DOC or the sentencing court, not the Board. *McCray v. Dep't of Corr.*, 872 A.2d 1127, 1133 (Pa. 2005); *Hammonds v. Pa. Bd. of Prob. & Parole*, 143 A.3d 994, 999 n.3 (Pa. Cmwlth. 2016); *Gillespie v. Dep't of Corr.*, 527 A.2d 1061, 1065 (Pa. Cmwlth. 1987). Accordingly, this argument does not support reversing the Board's Order.

## III.   CONCLUSION

For the foregoing reasons, we conclude that the finding that Petitioner violated special condition number 7 is supported by substantial evidence, the Board established Petitioner's violation of that condition by a preponderance of the evidence, and Petitioner's other arguments are without merit. Accordingly, we affirm.

_____
RENÉE COHN JUBELIRER, President Judge

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Holloway,                       :
                     Petitioner      :
                                  :
              v.                  :    No. 207 C.D. 2025
                                  :
Pennsylvania Parole Board,     :
                    Respondent    :

## **O R D E R**

**NOW**, August 19, 2025, the Order of the Pennsylvania Parole Board, entered in the above-captioned matter, is **AFFIRMED**.

 

_____
RENÉE COHN JUBELIRER, President Judge