Ronald Heckrote, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs August 1, 1983, to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

`, Timothy P. Wile,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him *Robert A. Greevy,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, September 13, 1983:

Ronald Heckrote (Petitioner) has appealed from the Board of Probation and Parole's (Board) denial of administrative relief following the revocation of Petitioner's parole by the Board on August 4, 1981. Cross motions for summary relief, filed pursuant to Pa. R.A.P. 1532(b), are presently before us for disposition.

Petitioner was recommitted as a convicted parole violator following a revocation hearing before a Board designated hearing examiner.[1] The sole issue raised in this appeal is whether the Board could properly determine that Petitioner had been convicted of committing new criminal offenses while on parole when it relied upon a copy of a court docket sheet which Petitioner alleges was not properly authenticated in accord with Section 6103 of the Judicial Code, 42 Pa. C. S. §6103.

We first observe that the relevant copy of the docket entries here at issue has not been included in the record certified to this Court by the Board. This omission, of course, renders it impossible for us to

---

[1] Petitioner waived his right to a hearing by the Board pursuant to 37 Pa. Code §71.4(5).

determine whether or not the document was properly authenticated. We also note, however, that no objection was made to the introduction of the document at the revocation hearing. We conclude, therefore, that even if the document did constitute hearsay, its admission cannot be challenged by Petitioner at this stage of the proceedings. *Sinwell v. Pennsylvania Board of Probation and Parole*, 46 Pa. Commonwealth Ct. 429, 406 A.2d 597 (1979).

Although Petitioner concedes that the docket entries were admissible due to his failure to properly object at the revocation hearing, he nevertheless contends that the Board's decision to revoke his parole was in error because it was supported *solely* by the hearsay evidence. Assuming once again that the docket entries did constitute hearsay evidence, we must still reject Petitioner's argument since the hearing transcript clearly shows that Petitioner, in fact, admitted that he had entered a guilty plea and was convicted of the new offenses listed in the docket.[2] In view of this corroborative evidence we find no error in the Board's recommission of Petitioner as a convicted parole violator. *See Pierce v. Pennsylvania Board of Probation and Parole*, 46 Pa. Commonwealth Ct. 507, 406 A.2d 1186 (1979).

We, accordingly, will grant the Board's cross motion for summary relief and affirm the Board's denial of administrative relief.

### ORDER

It is ordered that the cross motion of the Board of Probation and Parole for summary judgment be granted and the motion of Ronald Heckrote for summary judgment be denied. The Board's denial of administrative relief, dated October 15, 1981, is hereby affirmed.

---

[2] N.T. 2, R. 8.