521 A.2d 991

Richard Falasco, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs January 13, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Vincent P. DiFabio,* for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, March 4, 1987:

In this parole revocation appeal, Richard Falasco, Petitioner, appeals here an order of the Pennsylvania Board of Probation and Parole (Board) denying him administrative relief from a Board parole revocation order. That revocation order revoked his parole and returned him to prison as a technical parole violator to serve eighteen months on backtime. We affirm.

Falasco was initially convicted of Burglary,[1] Theft,[2] and Conspiracy[3] in Chester County Common Pleas Court and sentenced on February 23, 1981, by the Honorable JOHN E. STIVELY, JR., to a term of twenty-three to fifty-nine months. That sentence had an effective date of June 7, 1979 and making the minimum term expiration date May 7, 1981 and the maximum term expiration date May 7, 1984. He was granted parole by the Board effective May 7, 1981 at which time he was released from confinement. In the spring of 1982, he absconded from supervision and the Board declared him delinquent effective May 6, 1982.

Falasco was arrested on November 6, 1985 at his mother's residence in Spring City, Pennsylvania, and confined in the Chester County Prison. His parole

---

[1] 18 Pa. C. S. §3501.

[2] 18 Pa. C. S. §3921.

[3] 18 Pa. C. S. §903.

agent, John Anthony, interviewed him the same day at the Chester County Prison at which time he admitted to Mr. Anthony that he had moved from his approved address in Phoenixville, Pennsylvania, and absconded from parole supervision but he claimed he did so only because he was in fear for his life after testifying as a Commonwealth witness in a number of criminal cases. The Board subsequently charged Falasco violated the conditions of his parole by changing his approved residence without the permission of the parole supervision staff[4] and failed to report to his parole agent as instructed.[5]

A parole Violation Hearing was held before a Board hearing examiner at the Chester County Prison on January 13, 1986. At that hearing, Falasco, represented by counsel, admitted to failing to report to his parole agent but denied he ever moved from his approved residence in Phoenixville. Agent Anthony testified over the objection of defense counsel that Falasco admitted to him he had moved from the Phoenixville address during his interview with him on November 6, 1985 in the Chester County Prison. Following the hearing, the Board, by order dated March 20, 1986, found he violated both conditions of parole and recommitted him to prison to serve eighteen months on backtime for multiple technical parole violations. The Board also recomputed his maximum term expiration date to November 7, 1987. Falasco filed an administrative appeal with the Board which was denied on May 30, 1986, and this appeal followed.

In this appeal, Falasco contends that (1) the Board hearing examiner erred when he admitted hearsay documents into evidence over counsel's objection and

---

[4] 37 Pa. Code §63.4(2).
[5] 37 Pa. Code §63.4(3)(i).

then relied upon that hearsay in reaching a decision on the parole violation; and (2) that there is not substantial evidence to support the Board's finding he moved from his approved residence without prior permission. Falasco concedes he violated 37 Pa. Code §63.4(3)(i) by failing to report to his parole agent as instructed. In reviewing his contentions, we are also mindful of our limited scope of review under Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704, requiring us to affirm the Board unless a necessary finding is unsupported by substantial evidence, an error of law committed, or a constitutional right of the parolee violated. *Estate of McGovern v. State Employees' Retirement System,* 512 Pa. 377, 517 A.2d 523 (1986); *Harper v. Pennsylvania Board of Probation and Parole,* 103 Pa. Commonwealth Ct. 251, 520 A.2d 518 (1987).

Falasco initially argues that the hearing examiner erred when he admitted certain documents into evidence over counsel's objection that such documents were hearsay. The documents about which he complains are a certified letter sent by the agent to him at his approved residence which was returned by the United States Postal Service indicating Falasco had moved and left no forwarding address; an arrest report, Board form PBPP-257A; and a violation report, Board form PBPP-257B. A review of the Board's parole revocation order of March 20, 1986 indicates that the Board relied upon none of the challenged documents in finding Falasco violated his parole by changing his approved residence without permission. The pertinent part of the Board's order reads as follows:

-VIOLATION OF CONDITION # 3, CHANGING RESIDENCE WITHOUT THE PERMISSION OF PAROLE STAFF. *EVIDENCE RELIED ON: YOUR ADMISSION TO THE PAROLE AGENT ON 11-6-85. BOARD*

*ACTION DECLARING YOU DELINQUENT, EFFECTIVE 5-6-82. . . .* (Emphasis added.)
The certified letter was admitted by the hearing examiner, over counsel's objection, to lay a foundation for the Agent Anthony's interview with Falasco on the date of his arrest and the Board action declaring him delinquent effective May 6, 1982. The letter was specifically not used by the hearing examiner nor the Board as substantive evidence to prove the parole violation. Since the letter was offered only to show that it was returned by the United States Postal Service undelivered, not as proof that Falasco had moved, it was not hearsay and was properly admitted by the hearing examiner. *Spotts v. Reidell,* 345 Pa. Superior Ct. 37, 497 A.2d 630 (1985), *cf. Webb v. Fuller Brush Co.,* 378 F.2d 500 (3d Cir. 1967) (evidence of published articles admissible to show defendant should have known its product might be dangerous to users); *Democratic Party of the U.S. v. National Conservative Political Action Committee,* 578 F. Supp. 797 (E.D. Pa. 1983), *aff'd in part, rev'd in part, Federal Election Commission v. National Conservative Political Action Committee,* 470 U.S. 480, 84 L.Ed. 2d 455 (1985) (syndicated news reports admissible to show public perception of corruption rather than corruption in fact); *Evans v. Unemployment Compensation Board of Review,* 86 Pa. Commonwealth Ct. 297, 484 A.2d 822 (1984) (hearsay objection to grand jury presentment naming claimants was inapposite where referee admitted document only for the purpose of showing the negative impact upon their effectiveness as employees).

As to the arrest report and the violation report, the hearing examiner sustained counsel's objections as to the agent's recollection of his conversation with Falasco's aunt regarding his residence. The hearing examiner found no good cause for the aunt's absence and those

portions of the report were not considered. The violation report also contains a summary of adjustment section which provides an account of the parolee's parole history. The information found in this section comes from the parolee's case file with the Board and is essentially a summary of information contained in that file. The Board, as an administrative agency, may take official notice[6] of information that is contained in its own files, although the file was not introduced into evidence at Falasco's parole Violation Hearing. *Cf. Market Street Railway v. Railroad Commission*, 324 U.S. 548 (1945) (Railroad Commission could take official notice of company's monthly reports filed with the Commission despite the fact the reports were not part of the hearing record); *United States v. Abilene & Southern Railway*, 265 U.S. 274 (1924) (Interstate Commerce Commission can base administrative order upon reports filed with it by carriers where the reports or excerpts are placed into evidence at the hearing). *See generally* Schwartz, Administrative Law §128 (1976). The Board may prop-

---

[6] "Official notice" is the administrative counterpart of judicial notice and is the most significant exception to the exclusiveness of the record principle. The doctrine allows an agency to take official notice of facts which are obvious and notorious to an expert in the agency's field and those facts contained in reports and records in the agency's files, in addition to those facts which are obvious and notorious to the average person. Thus, official notice is a broader doctrine than is judicial notice and recognizes the special competence of the administrative agency in its particular field and also recognizes that the agency is a storehouse of information on that field consisting of reports, case files, statistics and other data relevant to its work. *See FCC v. National Citizens Committee for Broadcasting*, 436 U.S. 775 (1978); *NLRB v. Seven-Up Bottling Co.*, 344 U.S. 344 (1953); *Department of State v. Stecher*, 506 Pa. 203, 484 A.2d 755 (1984); *see generally* K. Davis, Administrative Law Treatise §§15.1-15.20 (1980); Schwartz, Administrative Law §128 (1976); *cf.* 5 U.S.C. §556(e).

erly utilize such information in determining an appropriate penalty once the fact of a parole violation has been established. *Harper; cf. Market Street Railway;* Wile, *Probation and Parole,* 57 Pa. B. A. Q. 152, 163-164 (1986).

Falasco's other contention is that the Board's finding that he violated his parole by moving from his approved residence without the permission of the parole staff is not supported by substantial evidence. The essential piece of evidence supporting this finding is the testimony of Agent Anthony that during an interview with Falasco at the Chester County Prison on November 6, 1985, Falasco admitted to him that he had moved from his approved address in Phoenixville to an undisclosed location in Montgomery County. The agent's testimony as to that conversation was clearly admissible under the exception to the hearsay rule relating to admissions against interest by a party. *Nuttall v. Reading Co.,* 235 F. 2d 546 (3d Cir. 1956); *Berkebile v. Brantly Helicopter Corp.,* 462 Pa. 83, 337 A. 2d 893 (1975). The agent's testimony, if believed, constitutes sufficient evidentiary support for the Board's order since we have held that a parolee's admissions to asserted violations constitute substantial evidence upon which to base a parole revocation order. *See Pitch v. Pennsylvania Board of Probation and Parole,* 100 Pa. Commonwealth Ct. 114, 514 A. 2d 638 (1986); *Heckrote v. Pennsylvania Board of Probation and Parole,* 77 Pa. Commonwealth Ct. 131, 465 A. 2d 118 (1983).

Falasco, however, contends that Agent Anthony's testimony regarding his alleged admissions is incredible and not worthy of belief. In support of this contention, he points to comments made by Chester County Common Pleas Court Judge JOHN E. STIVELY, JR., regarding his opinion as to Agent Anthony's credibility at Falasco's probation violation hearing held on February 10, 1986.

In parole violation proceedings coming under its exclusive jurisdiction, the Board is the fact-finding agency. Therefore, matters of witness credibility and evidentiary weight are solely for the Board's discretion. *Chapman v. Pennsylvania Board of Probation and Parole*, 86 Pa. Commonwealth Ct. 49, 484 A.2d 413 (1984). The Board, as the fact-finder in its proceedings, was entitled to make its own credibility determinations and is not bound by the credibility determination made by another tribunal in a separate matter. The Board found Agent Anthony's testimony that Falasco admitted to him that he had left his approved residence without permission was credible and our review of the record satisfies us that the Board did not abuse its discretion. Accordingly, the Board's finding that Falasco moved from his approved residence in Phoenixville without permission of the parole supervision staff is supported by substantial evidence.

Having disposed of Falasco's contentions in favor of the Board, we shall affirm its denial of administrative relief.

### ORDER

NOW, March 4, 1987, the Order of the Pennsylvania Board of Probation and Parole at Parole No. 5029-H, dated May 30, 1986, denying administrative relief to Richard Falasco, is hereby affirmed.