530 A.2d 1048

Melvin Gregory, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs March 5, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Veronica R. Anzalone,* First Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, September 11, 1987:
Melvin Gregory (Petitioner) appeals a decision of the Pennsylvania Board of Probation and Parole (Board) which denied him administrative relief from a previous Board order recommitting him to 36 months backtime. For the reasons set forth below, we affirm.

Petitioner was released on parole on June 6, 1982 after having served five years of a 5-10 year sentence for rape and attempted rape. In addition to being subject to general conditions of parole, Petitioner was released upon the special conditions that he must maintain employment (special condition 6a) and that he must not associate with juvenile females (special condition 6b). Subsequently Petitioner was arrested and on May 13, 1986, Petitioner pleaded guilty to a charge of harassment, a summary offense. On June 17, 1986, the Board held a parole violation hearing for the purpose of determining whether Petitioner should be recommitted as a technical parole violator.

On July 7, 1986, the Board issued its decision finding Petitioner in violation of conditions 2, 4, 6a and 6b of his parole. The Board ordered 18 months recommitment for condition 2 and 4 violations and 18 additional months for condition 6a and 6b violations. Petitioner's request for administrative relief was denied, and this appeal followed.

Petitioner contends that the Board failed to meet its burden of proof in finding that he violated conditions 2 and 6b.[1] Petitioner's contention raises an issue regarding this court's scope of review for Board determinations that we need address before reaching the merits of his appeal.

This court's scope of review for appeals from Commonwealth agencies[2] is governed by Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704 which states in relevant part:

> [T]he court shall affirm the adjudication unless it shall find that the adjudication is in violation of the constitutional rights of the appellant, or is not in accordance with law, or that the provisions of Subchapter A of Chapter 5 (relating to practice and procedure of Commonwealth agencies) have been violated in the proceedings before the agency, *or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence.* (Emphasis added.)

Resolutions of factual issues are purely within the province of the administrative agency, and as long as the agency's factual findings are supported by substantial evidence, this court will *not* engage in supererogation and substitute a different factual determination for that of the agency.

Revocation by the Board of a parolee's parole involves a two-step process:

> The first step in a revocation decision thus involves a wholly retrospective factual question:

---

[1] Petitioner does not challenge the Board's findings that he violated conditions 4 and 6a.

[2] The Pennsylvania Board of Probation and Parole is an administrative agency of the Commonwealth. Act of August 6, 1941, P.L. 861, §2, *as amended,* 61 P.S. §331.2.

whether the parolee has in fact acted in violation of one or more conditions of his parole. Only if it is determined that the parolee did violate the conditions does the second question arise: should the parolee be recommitted to prison or should other steps be taken to protect society and improve chances of rehabilitation? The first step is relatively simple, the second is more complex.

*Morrissey v. Brewer*, 408 U.S. 471, 479-80 (1972).

Since a finding as to whether a parolee acted in violation of the terms or conditions of parole is in most cases purely factual,[3] this court will only disturb such a Board finding if it is not supported by substantial evidence.

Turning to the merits of this appeal, Petitioner challenges the Board's finding that he had violated condition 2 of his parole (parolee must live at the residence approved by the Board at release and not change residence without permission).[4]

At the hearing before the Board, Petitioner's parole agent testified that he had telephoned Petitioner's approved residence on March 16, 1986 and had been told by Valerie Chambers, Petitioner's girlfriend, that Petitioner was not living at the residence.

In rebuttal, Petitioner presented three witnesses including Chambers, who testified that Petitioner had maintained residence at her address during the entire time in question. She stated that she was due to bear Petitioner's child when Petitioner's parole agent had called, and that "because I didn't want [Petitioner] to get picked up until after I had the baby, I purposely

---

[3] We note that *interpretations* as to the *scope* of a parolee's conditions or *definitions* therein may be proper questions of law subject to our review.

[4] 37 Pa. Code §63.4(2).

lied for the sake of, you know, not wanting to see Melvin in jail at least till I had the baby."[5]

Initially, we must consider whether the parole agent's testimony as to what Chambers had told him on the telephone, the evidence upon which the Board relies, is admissible as substantive evidence that Petitioner had changed residences. Until recently, prior inconsistent statements of testifying witnesses were admissible hearsay only for the purpose of impeaching the witness' credibility. However, in *Commonwealth v. Brady,* 510 Pa. 123, 507 A.2d 66 (1986), the Supreme Court of Pennsylvania re-examined this traditional rule and rejected it in favor of the modern approach, which permits prior inconsistent statements to be used as substantive evidence. This court has followed the *Brady* precedent in two recent Board of Probation and Parole decisions. In *Wilson v. Pennsylvania Board of Probation and Parole,* 97 Pa. Commonwealth Ct. 202, 509 A.2d 1335 (1986), we held that at a parole violation hearing, the Board may consider a testifying witness' notes of testimony from a prior criminal preliminary hearing which are inconsistent with the witness' live testimony as substantive evidence of a parole violation. In *Miller v. Pennsylvania Board of Probation and Parole,* 105 Pa. Commonwealth Ct. 24, 522 A.2d 720 (1987), we affirmed the Board when it relied on a witness' prior inconsistent statement which had been given under oath and signed.

In the case at bar, Petitioner's parole agent testified that he had telephoned the residence of Chambers looking for Petitioner, and that Chambers had told him that Petitioner wasn't living there. Both Chambers and the parole agent were present at the violation hearing and subject to cross-examination. Therefore, following the

---

[5] Certified Record, 28-29.

precedents set in *Brady, Wilson* and *Miller,* we will affirm the statement's admissibility at the hearing for substantive purposes.

The testimony having been admitted, all that remains is the question of credibility. Credibility determinations are solely within the province of the Board, and this court may not alter such determinations. *Falasco v. Pennsylvania Board of Probation and Parole,* 104 Pa. Commonwealth Ct. 321, 521 A.2d 991 (1986).

Petitioner further contends that the Board erred in finding that he violated special condition 6b (must not associate with females). This argument is meritless. Petitioner was convicted of harassment of an 11 year old girl in his home. He further admits to being intoxicated and asking her "did she have hair on her privates". While Petitioner argues that the victim had originally come to his house unannounced, his actions nevertheless substantially support a finding that he violated the condition that he not associate with juvenile females.

Accordingly, the decision of the Board is affirmed.

ORDER

AND NOW, September 11, 1987, the decision of the Board of Probation and Parole in the above-captioned matter is affirmed.