556 A.2d 917

Edward E. Hobson, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs November 9, 1988, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Bruce E. Mattock,* Assistant Public Defender, for petitioner.

*Timothy P. Wile,* Assistant Chief Counsel, with him, *Robert Greevy,* Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BLATT, January 9, 1989:

The petitioner, Edward E. Hobson, appeals an order of the Board of Probation and Parole (Board) denying his request for administrative relief from a Board order recommitting him as a technical parole violator. We find the petitioner's appeal to be completely without merit. Accordingly, we affirm the Board's order.

The petitioner was paroled on June 1, 1987. As a condition of parole, he was required to attend out-patient drug abuse therapy and to submit urine samples periodically for drug analysis. On November 4, November 18, and December 2, 1987, he submitted urine samples that subsequently tested positive for cocaine metabolites. He was arrested by parole agents on December 14, 1987, and charged with violating the conditions of parole by using cocaine. At the parole revocation hearing, Parole Agent Kuhn testified that in an interview on December 16, 1987, the petitioner admitted that he used cocaine and that he had submitted urine samples that tested positive for cocaine. The petitioner was recommitted as a technical parole violator. The Board denied the petitioner's

application for administrative relief by letter mailed July 11, 1988.

On appeal, the petitioner argues (1) that his due process rights were violated at the preliminary hearing because the hearing officer was not impartial and (2) that it was error to admit at the parole revocation hearing Agent Kuhn's testimony as to the December 16 interview.[1]

The petitioner relies on *Morrissey v. Brewer*, 408 U.S. 471 (1972), in which the United States Supreme Court held a parolee is entitled to a preliminary hearing before an impartial officer before being detained on a parole violator arrest warrant. The petitioner maintains that the preliminary hearing was deficient because the presiding officer was the supervisor of Agent Kuhn. *Morrissey*, however, merely requires that the hearing be "conducted by some person other than the one initially dealing with the case." *Id*. at 485-486. The Court went on to hold, "[I]t will be sufficient . . . if an evaluation of whether reasonable cause exists to believe that conditions of parole have been violated is made by someone such as a parole officer other than the one who has made the report of parole violations or has recommended revocation." *Id*.

In the instant case, the officer who presided at the petitioner's preliminary hearing was a district director. A district director manages all Board employees in a district; a parole supervisor supervises a parole agent. Section 11 of the Act of August 6, 1941, P.L. 861, *as amended*, 61 P.S. §331.11. The petitioner makes no alle-

---

[1] Our review is limited to determining whether the petitioner's constitutional rights have been violated, whether the Board committed errors of law or whether the Board's findings are supported by substantial evidence. *Cameron v. Pennsylvania Board of Probation and Parole*, 90 Pa. Commonwealth Ct. 580, 496 A.2d 419 (1985); Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704.

gation that the district director had any part in the report of parole violations. Because the hearing officer at the preliminary hearing was impartial, the petitioner's due process rights were not violated. Moreover, even if the preliminary hearing were defective, the petitioner cannot complain of a deficiency in the preliminary hearing after the final recommitment hearing has been held. *See Whittington v. Pennsylvania Board of Probation and Parole*, 45 Pa. Commonwealth Ct. 58, 404 A.2d 782 (1979) (failure to challenge delay in holding preliminary hearing before final hearing is held precludes relief); *Commonwealth v. Perry*, 254 Pa. Superior Ct. 48, 385 A.2d 518 (1978) (parolee not entitled to new revocation hearing even though no preliminary hearing was held because parolee did not raise the issue before the final revocation hearing).

The petitioner also argues that it was error to admit at the parole revocation hearing Agent Kuhn's testimony that the petitioner admitted that he used cocaine. The petitioner argues this testimony is hearsay and must be supported by other indicia of reliability. Since no laboratory reports confirming the petitioner's statements were introduced at the preliminary or recommitment hearing, he argues the Board's order is not supported by substantial evidence. The petitioner's argument lacks merit.

The petitioner's statement to Agent Kuhn that he had used cocaine and had submitted tainted urine samples is admissible as a statement against interest, an exception to the hearsay rule. *Falasco v. Pennsylvania Board of Probation and Parole*, 104 Pa. Commonwealth Ct. 321, 521 A.2d 991 (1987); *Rudisill v. Cordes*, 333 Pa. 544, 5 A.2d 217 (1939). Such testimony, if believed, is sufficient evidentiary support for the Board's order. *Falasco*, at 327, 521 A.2d at 995. We also note that at the recommitment hearing, though the petitioner denied using cocaine, he

stated, "I submitted positive urines for cocaine at T.A.S.K." Transcript at 8.

Because a parolee's admissions to parole violations constitute substantial evidence to support the Board's recommitment order, *Falasco* at 327, 521 A.2d at 995, and the officer presiding at the preliminary hearing was impartial, the Board's order denying administrative relief must be affirmed.

## ORDER

AND NOW, this 9th day of January, 1989, the order of the Board of Probation and Parole mailed July 11, 1988 in the above-captioned matter is affirmed.