560 A.2d 298

**Joseph C. STOCKDILL, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 27, 1989.

Decided June 19, 1989.

Bruce E. Mattock, Asst. Public Defender, County of Westmoreland, Greensburg, for petitioner.

Robert Greevy, Chief Counsel, Timothy P. Wile, Asst. Chief Counsel, Harrisburg, for respondent.

Before CRUMLISH, Jr., President Judge, COLINS, J., and NARICK, Senior Judge.

COLINS, Judge.

Joseph C. Stockdill (petitioner) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) recommitting petitioner as a technical parole violator. We reverse.

Petitioner was paroled by the Board from SCI–Pittsburgh on December 3, 1986, from a sentence of five to ten years resulting from his conviction on three counts of attempted

murder. He was paroled to Ohio and was under the supervision of the Ohio State Parole Authority, Youngstown Unit 1.

Condition No. 1 of his parole required that petitioner refrain from leaving the parole district without prior written permission of the parole supervision staff. On several occasions, petitioner received permission to travel to Kittanning, Pennsylvania to visit his son and daughter. However, on October 9, 1987, petitioner was informed by the Ohio parole authorities that no further travel permits to Kittanning would be approved.

A criminal complaint was filed on November 12, 1987 by a Kittanning Police Officer, charging petitioner with being in Kittanning on October 18, 1987, and assaulting one Douglas Jageman. Petitioner was arrested on these charges by his Ohio parole agent on January 15, 1988. He waived extradition to Pennsylvania and was returned to Armstrong County Prison on January 21, 1988. Petitioner was acquitted of these criminal charges following a trial on April 13, 1988.

Despite petitioner's acquittal, the Board pursued a parole violation hearing before a hearing examiner on May 3, 1988.[1] At this hearing, Mr. Kenneth Wolfe, an inmate at the Armstrong County Prison testified. The parole agent assigned to petitioner's case in Pennsylvania, Agent Uram, questioned Mr. Wolfe as to prior statements Mr. Wolfe had made to him on February 4, 1988, at the prison. When asked whether he had seen petitioner at his residence in Kittanning on October 17 or 18, 1987, Mr. Wolfe answered in the negative. At that point, Mr. Wolfe was declared a hostile witness and Agent Uram was permitted to cross-examine him with regard to their conversation of February 4, 1988. The record reveals that Agent Uram never testified about the statements Mr. Wolfe made to him at the prison. At best, Agent Uram indicated in his discourse with the hearing examiner that Mr. Wolfe had made prior inconsist-

---

1. Petitioner was held in the Armstrong County Prison pending the outcome of the parole violation hearing.

ent statements to him, the substance of which was not revealed.

The Board recorded an order on June 1, 1988, recommitting petitioner as a technical parole violator to serve twelve months on backtime for his violation of Condition No. 1 of his parole. This order was based upon the testimony of Mr. Wolfe and Agent Uram. Petitioner filed a pro se appeal from this order with the Board challenging the evidentiary basis of the recommitment order. The Board denied his administrative appeal and petitioner filed a pro se [2] petition for review with this Court.[3]

Petitioner alleges that the Board's decision is in error, as it was based solely upon hearsay evidence which was improperly admitted at petitioner's parole revocation hearing. Our review of the record has revealed that the Board's order is not supported by the evidence of record.

There is no question that prior inconsistent statements of a non-party witness are exceptions to the hearsay rule and may be used as substantive evidence. *Commonwealth v. Brady*, 510 Pa. 123, 507 A.2d 66 (1986). This rule has been applied to parole revocation proceedings. *See Ward v. Pennsylvania Board of Probation and Parole*, 114 Pa. Cmwlth. 255, 538 A.2d 971 (1988); *Gregory v. Pennsylvania Board of Probation and Parole*, 109 Pa.Cmwlth. 294, 530 A.2d 1048 (1987).

However, in the instant matter, the necessary evidence to establish that Mr. Wolfe had made a prior inconsistent statement was not forthcoming. The record is devoid of any testimony which would indicate the substance of the alleged conversation between Agent Uram and Mr. Wolfe at the prison. Agent Uram never directly testified as to the prior statements and his discourse with the hearing examiner to that effect is, at best, confusing.

2. The Public Defender of Westmoreland County was since appointed to represent petitioner in his appeal.

3. The Board reparoled petitioner from his five to ten year sentence on January 21, 1989. Despite his release, this matter is not moot. *See Johnson v. Pennsylvania Board of Probation and Parole*, 505 Pa. 569, 482 A.2d 235 (1984).

In *Gregory*, the testimony of the parolee's parole agent was introduced to establish that a prior inconsistent statement was made by the witness in question. Such is not the case in the matter *sub judice*. The Board's order which states that the evidence relied upon was the testimony of Mr. Wolfe and Agent Uram, who never testified, is not based upon substantial evidence and must be reversed.

## ORDER

AND NOW, this 19th day of June, 1989, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is reversed.