# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vincent Jakes,                                        :
           Petitioner        :
                             :
           v.               : No. 1055 C.D. 2016
                             : Submitted:  January 20, 2017
State Civil Service Commission                        :
(Torrance State Hospital,                             :
Department of Human Services),                        :
           Respondent       :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE JULIA K. HEARTHWAY, Judge
               HONORABLE DAN PELLEGRINI, Senior Judge


<u>OPINION NOT REPORTED</u>


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI          FILED: February 15, 2017


        This is a petition for review by Vincent Jakes (Jakes) from a State Civil Service Commission (Commission) order denying him a hearing from a personnel action that Jakes characterized as a demotion from his position at Torrance State Hospital, Department of Human Services (Employer). The Commission denied Jakes a hearing because it believed that he had not been demoted because his Civil Service Classification had not changed. For the following reasons, we vacate and remand.

        Jakes filed an appeal with the Commission alleging that he had been demoted from his position in the Sexual Treatment Program to "Dietary."

(Reproduced Record (R.R.) at 4a.) On the appeal form, he checked boxes indicating that he was appealing a demotion and provided a narrative claiming the reason that he was demoted was a result of racial discrimination. The narrative stated:

> Discrimination on the basis of race and other non-merit factors. On April 29, 2016, the Appellant was accused of sleeping at 4:30AM on his shift by a resident. A Pre-Disciplinary Conference was held on May 4, 2016, wherein the Appellant was demoted from his position in the Sexual Responsibility Treatment Program to Dietary. There was no evidence presented against him other than the alleged evidence of a resident patient. The Appellant has been with Torrance State Hospital since 2001. He was moved to the Sexual Responsibility Treatment Program in 2006, and had been at that post for the last ten years without incident until this current demotion. The Appellant's long-term tenure in the Sexual Responsibility Treatment Program without incident and then to be demoted for an alleged sleeping incident witnessed by a resident is incongruent.

(R.R. at 4a.)

> The Commission then issued an order which stated, in relevant part:

> The appeal relates to Vincent Jakes' demotion from Sexual Responsibility and Treatment Program Aide, regular status, with the Torrance State Hospital, Department of Human Services. There is no indication that a demotion has occurred as defined by the Civil Service Act and Rules.[1] Accordingly, the request for

---

[1] Section 3(16)(r) of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. § 741.3(16)(r), states that:

**(Footnote continued on next page…)**

2

hearing is denied as there is no personnel action to review.

(R.R. at 4a) (footnote added).

In its brief to this Court, the Commission states that from Jakes' "perspective, he probably feels he has been demoted [because he was sent to work in a different program area]," (Brief for Respondent at 5), but the basis for its order is that it reviewed Jakes' personnel record which indicated that his employment status had not changed and that he had not been demoted.

On appeal, Jakes contends that the Commission erred in not granting a hearing because his complaint alleged that race and other non-merit factors were the true cause of his demotion. We do not disagree that he contends that his demotion was the result of racial discrimination, but that was not the basis for the Commission's decision that he has not been demoted.

We agree with the Commission that if Jakes had not been demoted, then he would not have a right to appeal on that basis. However, the personnel records that the Commission bases its order on are not part of the record. While an

------

**(continued…)**

(r) "Demotion" means the voluntary or involuntary movement of an employee to a class assigned to a pay range with a lower maximum salary.

*See also* 4 Pa. Code § 91.3.

3

administrative agency may take official notice of facts which are contained in reports and records in the agency's files, *Falasco v. Pennsylvania Board of Probation and Parole*, 521 A.2d 991, 994 n.6 (Pa. Cmwlth. 1987), that does not mean that they should not be part of the record so they can be reviewed by the court on appeal to ensure that they say what an agency says they say.

Accordingly, we vacate the Commission's order and remand this matter to the Commission to enter into the record the personnel records that establish that Jakes had not been demoted.

_____
DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vincent Jakes,  :
           Petitioner  :
    :
      v.  : No. 1055 C.D. 2016
    :
State Civil Service Commission  :
(Torrance State Hospital,  :
Department of Human Services),  :
          Respondent  :

# **O R D E R**

AND NOW, this 15th day of <u>February</u>, 2017, the State Civil Service Commission's Order of June 15, 2016, in the above-captioned matter is vacated. This matter is remanded to the Respondent to provide Petitioner with the personnel record(s) establishing that he was not demoted. Petitioner shall have twenty days from receipt of said records to respond in writing to Respondent. After Respondent receives Petitioner's response, or if after twenty days no response is received, Respondent is to issue a new order and transmit that order to this Court.

Jurisdiction retained.

_____
DAN PELLEGRINI, Senior Judge