IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lewis Watkins,                          :
                          Petitioner    :
                                        :
        v.                              :   No. 968 C.D. 2022
                                        :   Submitted: May 5, 2023
Pennsylvania Parole Board,              :
                          Respondent    :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                                    FILED: August 15, 2023

        Lewis Watkins (Watkins) has petitioned for review of the order entered
by the Pennsylvania Parole Board (Board) on August 17, 2022, which affirmed
Watkins' recommitment as a technical parole violator (TPV).  After thorough review,
we affirm the Board's order.

## I. BACKGROUND

        Watkins was serving a 3-year to 10-year sentence for Stalking and
Terroristic Threats.[1]  Sentence Status Summ., 5/14/18, at 1-3.   On January 19, 2021,
Watkins was released to Create House, a community corrections center (CCC), and
specifically agreed to abide by its rules and regulations as a special condition of his
parole. [2]   Special Conditions of Parole, 1/21/21.   Watkins  was  unsuccessfully

---

[1] *See* 18 Pa. C.S. §§ 2709.1, 2706(a)(3).

[2] The special condition provided:
    You must abide by all the rules and regulations of the CCC. You are required
    to successfully complete the CCC as determined by Create House staff
    and/or Parole Supervision Staff. Any discharge, termination or separation

discharged from Create House on February 16, 2021, and was arrested as a TPV the following day. Supervision History, 3/29/21, at 1-3.

At a hearing, Sylvia Zittle, Director of Create House, testified that Watkins received infraction reports for various incidents in January and February. Notes of Testimony (N.T.) Violation Hr'g, 4/22/21, at 17-19. For example, according to Zittle, Watkins absconded from Create House without authorization and violated Create House's mask policy. *Id.* at 16-19. Zittle further testified that she called 911 after Watkins became aggressive when staff attempted to search him upon his return to the facility on February 12, 2021. *Id.* at 16. The Board also presented additional evidence that Watkins incurred several infractions while residing at Create House. *Id.* at 17-19.

For his part, Watkins testified that he did not leave the facility without authorization and that he informed Zittle and a member of the staff where he was going. *Id.* at 25. He also denied threatening Zittle or staff on February 12, 2021. *Id.* at 26-27.

Following the hearing, the Board found Watkins to be in technical violation of his parole, revoked his parole, and recommitted him to serve up to six months of backtime. Bd. Action, 4/28/21, at 1. Watkins timely filed an administrative appeal, asserting that the Board lacked substantial evidence to revoke his parole. Admin. Remedies Form, 5/17/21, at 1-5. The appeal panel affirmed the Board's decision. Watkins then timely appealed to this Court.

---

other than successfully discharged from CCC shall constitute a Violation of your parole.
Supplement to Bd. Action, 1/19/21.

2

## II. ISSUES

Watkins presents two issues on appeal. Watkins contends that there was insufficient evidence that he violated the terms of his parole. Pet'r's Br. at 5. He also asserts that his due process rights were violated in that he was not permitted to present exculpatory evidence. *Id.*

## III. DISCUSSION[3]

### A. Sufficiency of Evidence

Watkins asserts that the Board's finding that he violated the rules of Create House that resulted in his unsuccessful discharge is not supported by substantial evidence. Pet'r's Br. at 9. In support of this assertion, Watkins suggests there must be evidence of a parolee's fault in committing the alleged technical violation. *Id.* at 10 (citing *Hudak v. Pa. Bd. of Prob. & Parole*, 757 A.2d 439 (Pa. Cmwlth. 2000)). According to Watkins, when he allegedly absconded on February 12, 2021, he was actually at the police station with concerns about Zittle. *Id.* He also contends that Zittle targeted him or was not being truthful about the alleged violations when calling 911. *Id.* at 11.

The Board serves as the fact-finder in parole violation proceedings and is entitled to make its own credibility determinations. *Falasco v. Pa. Bd. of Prob. & Parole*, 521 A.2d 991, 995 (Pa. Cmwlth. 1987); *Gregory v. Pa. Bd. of Prob. & Parole*,

---

[3] We review the Board's decision to determine whether constitutional rights were violated, whether an error of law was committed, and whether the Board's findings of fact are supported by substantial evidence. *See* Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66, 70 n.4 (Pa. Cmwlth. 2013). This Court has previously defined substantial evidence as "such relevant evidence as a reasonable mind might accept to support a conclusion, requiring something more than a scintilla creating a mere suspicion of the existence of the fact to be established." *McCauley v. Pa. Bd. of Prob. & Parole*, 510 A.2d 877, 879 (Pa. Cmwlth. 1986); *accord Price v. Pa. Bd. of Prob. & Parole*, 863 A.2d 173, 175 (Pa. Cmwlth. 2004).

530 A.2d 1048, 1050 (Pa. Cmwlth. 1987). Also, the mere fact that there is conflicting evidence or testimony in the record does not mean the Board's findings are not supported by substantial evidence. *Harper v. Pa. Bd. of Prob. & Parole*, 520 A.2d 518, 523 (Pa. Cmwlth. 1987). This Court may not alter findings or credibility determinations by the Board provided they are supported by substantial evidence. *Falasco*, 521 A.2d at 995; *Gregory*, 530 A.2d at 1050.

In the instant matter, the Board credited the documentary evidence presented by the Board and the testimony of Zittle over Watkins' self-serving testimony in its decision to recommit Watkins as a TPV. Resp. to Remedies Form, 8/17/22. The evidence and testimony both support the finding that Watkins failed to successfully complete Create House because he was unsuccessfully discharged for violating the rules and regulations. *Id.* In contrast, Watkins offered lengthy testimony that he did not leave Create House without permission and he did not threaten any staff, but the Board did not find his testimony to be credible. *Id.*

In *Hudak*, this Court reversed the finding that Hudak was a TPV because the Board did not show that he was at fault for his discharge from the center, and thus, recommitment was an abuse of the Board's authority. *Hudak*, 757 A.2d at 439. *Hudak* is irrelevant here because there is sufficient evidence substantiating the alleged violations of Create House's policies and rules. Like in *Harper*, it was within the Board's sole discretion to consider the credibility of the testimony. *Harper*, 520 A.2d at 523. Also, mere conflicting evidence does not serve as a basis upon which the Board's findings will be disturbed on appeal. *Id.* The fact that Watkins gave a conflicting statement regarding the alleged violations of Create House's rules, in which he stated he was given permission to leave, likewise does not deprive the Board's findings of substantial evidentiary support. To the contrary, it is the province

4

of the Board to consider and weigh the testimony. As such, substantial evidence supports the Board's findings that Watkins violated the terms of his parole. *See McCauley*, 510 A.2d at 879; *Falasco*, 521 A.2d at 995; *Gregory*, 530 A.2d at 1050.

## B. Due Process

In his second issue, Watkins asserts that the Board violated his constitutional rights to due process. *See* Pet'r's Br. at 11-12. According to Watkins, he made several post-hearing requests for the Board to issue a subpoena or otherwise assist him in securing favorable evidence, and, at the very least, the Board should have remanded the matter for a second hearing. *Id.* at 11. Watkins concludes the Board failed to offer him an opportunity to present this evidence. *Id.* at 12.

The essential requisites of procedural due process are notice and a meaningful opportunity to be heard. *Commonwealth v. Turner*, 80 A.3d 754, 761 (Pa. 2013). The procedure for violation of parole conditions provides that, prior to a violation hearing, the parolee shall be notified of "the parolee's right to speak, to have voluntary witnesses appear[,] and to present documentary evidence." 37 Pa. Code § 71.2.

Here, Watkins was provided notice prior to the hearing that he had the right to call witnesses and present evidence on his behalf. Inmate Rights at Parole Bd. Hr'gs, 4/13/21. He was given the opportunity to present his case before the Board at the April 22, 2021 violation hearing. However, at no time prior to the hearing or during the hearing itself did Watkins request an opportunity to present additional evidence. Watkins suggests that he was entitled to introduce post-hearing evidence, but due process does not guarantee a second hearing or an opportunity to re-open the record. Here, Watkins was also given the opportunity to appeal the Board's decision through the administrative appeal process of which he took advantage. 37 Pa. Code

5

§ 73.1; Admin. Remedies Form, 5/17/21, at 1-5.  The Board's appeal panel considered Watkins' appeal but nonetheless affirmed the decision to recommit him as a TPV. Accordingly, we discern no violation of Watkins' due process rights.

Based on the foregoing discussion, the Board's order is affirmed.


LORI A. DUMAS, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lewis Watkins,                          :
                    Petitioner          :
                                        :
        v.                              :        No. 968 C.D. 2022
                                        :
Pennsylvania Parole Board,              :
                    Respondent          :

# **O R D E R**

AND NOW, this 15th day of August, 2023, the order of Pennsylvania Parole Board, entered August 17, 2022, is AFFIRMED.

_____
LORI A. DUMAS, Judge