IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nigel Dedieece Carter,          :
         Petitioner      :
                           :  No. 980 C.D. 2022
        v.             :
                           :  Submitted: November 9, 2023
Pennsylvania Parole Board,    :
         Respondent   :

BEFORE:   HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE ELLEN CEISLER Judge
               HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                          FILED: January 16, 2024

Nigel Dedieece Carter (Carter) has *pro se* petitioned this Court to review a decision entered by the Pennsylvania Parole Board (the Board), denying his request for administrative relief following his recommitment as a technical parole violator (TPV). After careful review, we affirm.

## I. BACKGROUND[1]

A complete recitation of Carter's criminal and supervisory history is unnecessary to the instant appeal.[2] The present matter begins on December 14, 2017, when Carter was released on reparole. *See* Order to Release on Parole, 8/28/17. On February 25, 2021, Carter was instructed to report to his parole officer but did not

---

[1] Unless otherwise stated, we base the recitation of facts on the Board's decision, mailed August 12, 2022.

[2] In short, Carter was originally sentenced in March 2008 on various drug charges and incurred new charges in January 2012. During that time, he was recommitted as both a TPV and convicted parole violator (CPV).

report. On March 1, 2021, Carter was declared delinquent by the Board, which issued a detainer warrant. *See* Admin. Action, 3/1/21; Warrant to Commit and Detain, 5/28/21. Carter was arrested on May 28, 2021,[3] and on June 16, 2021, the Board detained him pending disposition of new criminal charges. *See* Not. of Bd. Dec., 6/16/21.

On July 12, 2021, the Board held a parole violation hearing. Parole Agent Gemm Christie testified that she had instructed Carter verbally over the phone to report that day, by 4:00 p.m., to the Philadelphia District Office. Notes of Testimony (N.T.), 7/12/21, at 13-15. Agent Christie testified that she told Carter the office had relocated, that she was in the office the entire day, and that Carter did not report. *See id.* at 13-15, 18-19.

Carter testified in his own defense. According to Carter, his sentence was illegal, and he had been committed under an incorrect birthdate and social security number. *See id.* at 20-21. Carter further claimed that the new charges were baseless. *See id.* at 22. Carter admitted to receiving a phone call from Agent Christie on February 25, 2021, but disputed the details. According to Carter, Agent Christie did not inform him that the district office had relocated to a new address. *See id.* at 23-24. Further, according to Carter, he informed Agent Christie that he had just had a son, that his family members had been diagnosed with COVID-19, and he could potentially be a carrier. *See id.* at 22-27.

On July 14, 2017, the Board executed its decision to recommit Carter as a TPV due to his failure to report as instructed. *See* Violation Hr'g Rep., 7/14/21, at 1-12; *see* Order to Recommit, 7/20/21. The Board determined that Carter owed

---

[3] Carter was arrested both on the Board's warrant and a warrant that had been issued for his arrest in connection with a narcotics investigation. *See* Criminal Arrest and Disposition Report, 6/10/21.

1965 days of backtime and recalculated his maximum sentence date as October 14, 2026. *See id.*

Carter timely filed an administrative appeal, asserting that the evidence was insufficient to support the revocation. *See* Admin. Appeal, 8/10/21, at 1-3. According to Carter, Agent Christie had committed perjury and had not told him that the office had relocated. *See id.* Additionally, Carter claimed the Board had erred by recommitting him under an incorrect birthdate and social security number. *See id.* Carter also baldly asserted violations of article I, sections 13 and 15 of the Pennsylvania Constitution, Pa. Const. art. I, §§ 13, 15. *See id.* Finally, he claimed that the Board did not have the jurisdiction to "recompute sentences" imposed by a judge. *See id.*

On August 12, 2021, the Board mailed Carter notice of its decision denying his administrative appeal. The appeal panel found substantial evidence to support the recommitment, namely, the credible testimony of Agent Christie. Further, the appeal panel noted that the Board had the ability to recalculate a maximum sentence date to reflect that a parole violator is not entitled to credit for time spent in delinquency. *See id.*

Carter timely petitioned this Court for review.[4]

## II. ISSUES

Carter raises two issues. First, he contends that the Board acted fraudulently, and in bad faith, and committed an abuse of its power. *See* Carter's Br. at 7. Second, Carter contends that the Board's recommitment order violated several of his constitutional rights. *See id.*

---

[4] This Court granted Carter leave to proceed *in forma pauperis* and appointed counsel to represent him. Order, 10/20/22. Following objections filed by Carter, this Court rescinded the appointment of counsel. Objections, 10/28/22; Order, 11/7/22.

3

### III. DISCUSSION[5]

### A. Sufficiency of the Evidence

Carter first asserts that the Board committed an abuse of its power by finding his testimony incredible. *See* Carter's Br. at 11. In support of this assertion, he contends that he was unaware that the Philadelphia District Office was no longer located at 5828-38 Market Street. *See id.* at 13-14. Additionally, Carter presents a convoluted argument, stating that he was committed under an incorrect birthdate and social security number that does not belong to him. *See id.* at 14-15. According to Carter, this error renders his sentence illegal. *See id.* at 18.

In response, the Board asserts that substantial evidence supports Carter's parole revocation. *See* Board's Br. at 9. According to the Board, the record reflects that Carter was informed of the correct address of the District Office but did not report. *See id.* at 9-12. Sitting as fact-finder, the Board is empowered to make credibility determinations, and its determination that Agent Christie testified credibly was not an abuse of discretion. *See id.* at 10-11. The Board does not address Carter's claims regarding his birthdate, social security number, or sentence. *See generally id.*

Generally, we note that the Board has various powers and duties related to the implementation and supervision of parole. *See, e.g.*, 61 Pa.C.S. § 6131. The Board also has specific powers involving offenders, including the exclusive power to parole and reparole, to commit and recommit for violations of parole, and to

---

[5] Our standard of review is limited to determining whether the Board committed an error of law, whether its findings are supported by substantial evidence, and whether its decision violated constitutional rights. *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013); *see also* Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

discharge from parole all persons sentenced by a court to imprisonment in a state correctional institution. *See* 61 Pa.C.S. § 6132.

However, the Board does not have the power to alter a judicially imposed sentence. *Hawkins v. Pa. Bd. of Prob. & Parole*, 490 A.2d 942, 947 (Pa. Cmwlth. 1985); *see also Gundy v. Pa. Bd. of Prob. & Parole*, 478 A.2d 139, 140 (Pa. Cmwlth. 1984). This is because revocation proceedings are not part of a criminal prosecution but, instead, are administrative proceedings to which the principles of administrative due process and administrative law apply. *See Gundy*, 478 A.2d at 140. In any event, the Board may only direct a parole violator to complete the remainder of an existing, judicially imposed sentence. *See Hawkins*, 490 A.2d at 947. Beyond a timely direct appeal, Section 9542 of the Post Conviction Relief Act (PCRA), 42 Pa. C.S. § 9542, provides that the PCRA is the sole means of obtaining collateral relief from an illegal sentence. *See Scott v. Pa. Bd. of Prob. & Parole*, 256 A.3d 483, 491 (Pa. Cmwlth. 2021), *aff'd*, 284 A.3d 178 (Pa. 2022) (citing 42 Pa.C.S. § 9542).

Further, the Board serves as the fact-finder in parole violation proceedings and is entitled to make its own credibility determinations. *Falasco v. Pa. Bd. of Prob. & Parole*, 521 A.2d 991, 995 (Pa. Cmwlth. 1987); *Gregory v. Pa. Bd. of Prob. & Parole*, 530 A.2d 1048, 1050 (Pa. Cmwlth. 1987). The mere fact that there is conflicting evidence or testimony in the record does not mean the Board's findings are not supported by substantial evidence. *Harper v. Pa. Bd. of Prob. & Parole*, 520 A.2d 518, 523 (Pa. Cmwlth. 1987). This Court may not alter findings or credibility determinations by the Board provided they are supported by substantial evidence. *Falasco*, 521 A.2d at 995; *Gregory*, 530 A.2d at 1050.

Initially, we reject Carter's claim alleging an illegal sentence rooted in an erroneous birthdate and social security number. While Carter presented this argument to the Board, it is not within the Board's purview to consider such claims. *See Hawkins*, 490 A.2d at 947; 61 Pa.C.S. § 6132. The Board cannot alter a sentence: if Carter believes that his sentence is illegal, the appropriate method to challenge the sentence is through a timely direct appeal or petition seeking post-conviction relief. *See Scott*, 256 A.3d at 491; *Hawkins*, 490 A.2d at 947.

Further, there is no merit to Carter's claim that the Board abused its power or otherwise acted inappropriately. As the fact-finder, the Board is empowered to make credibility determinations and resolve conflicting evidence. *See Falasco*, 521 A.2d at 995; *Gregory*, 530 A.2d at 1050; *Harper*, 520 A.2d at 523. Here, the Board credited Agent Christie's testimony that she had informed Carter of the correct address to which he should report. The record supports these findings. N.T., 7/12/21, at 13-15. Accordingly, the Board did not abuse its discretion, because substantial evidence supported its decision. *Fisher*, 62 A.3d at 1075 n.1.

## B. Constitutional Claims

In his second issue, Carter raises a number of alleged constitutional violations, claiming that: (1) his recommitment under a false birthdate and social security number has violated his Fourth Amendment right to be secure against unreasonable searches or seizures; (2) the Board's recalculation of his maximum sentence date was a double jeopardy violation of the Fifth Amendment, U.S. CONST. amend. V; (3) Carter's prison work assignments constitute slavery or involuntary servitude in violation of the Thirteenth Amendment, U.S. CONST. amend. XIII; (4) Carter's denial of bail is a violation of the Pennsylvania Constitution, Pa. Const. art. I, §§ 1, 2, 14, 25, 26; and (5) general violations of Carter's right to liberty under both

the United States and Pennsylvania Constitutions. *See* Carter's Br. at 18-24. The Board did not address these claims in its decision denying Carter's administrative appeal, nor did the Board address these claims in its brief to this Court.

The "law is well settled that issues not raised before the Board either at the revocation hearing or in the petitioner's administrative appeal are waived and cannot be considered for the first time on appeal." *Chesson v. Pa. Bd. of Prob. & Parole*, 47 A.3d 875, 878 (Pa. Cmwlth. 2012); *see* 2 Pa.C.S. § 703(a); Pa.R.A.P. 1551 ("Only questions raised before the government unit shall be heard or considered"); *accord Goods v. Pa. Bd. of Prob. & Parole*, 912 A.2d 226, 235 (Pa. 2006) (holding "there is no logical reason why the Board cannot require a parolee to raise his claims at the initial hearing").

Section 703(a) of the Administrative Agency Law, as well as Pennsylvania Rule of Appellate Procedure 1551(a), Pa.R.A.P. 1551(a), provide an exception to the waiver rule: where a petitioner challenges the validity of the statute, the jurisdiction of the government unit over the subject matter of the adjudication, or raises a question which could not by the exercise of due diligence be raised before the government unit. *See Williams v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 987 C.D. 2019, filed Apr. 20, 2020)[6] (finding waiver where petitioner failed to assert violation of due process rights before the Board and, in petition for review, failed to challenge the Board's subject matter jurisdiction or validity of the Parole Code, or aver he could not have raised the issue before the Board).

---

[6] This Court's memorandum opinions are not binding precedent but may be cited for their persuasive value. Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a); *see also, e.g., Anderson v. Pa. Bd. of Prob. & Parole*, 266 A.3d 106, 110-11 (Pa. Cmwlth. 2021) (citing an unreported case for its persuasive value).

In his brief before this Court, Carter purports to raise several claims pursuant to the United States Constitution, as well as several Pennsylvania state constitutional claims. Carter did not raise these claims before the Board at the hearing or in his administrative appeal. *See generally* N.T.; *see* Admin. Appeal, 8/10/21, at 1-3. Further, he does not challenge the Board's subject matter jurisdiction, the validity of the Prisons and Parole Code, 61 Pa.C.S. §§ 101-7307, or aver he could not have raised the issue before the Board. *See* Carter's Br. 19-24. Accordingly, the exceptions to the waiver rule do not apply. *See Williams*, slip op. at 2; 2 Pa.C.S. § 703(a); Pa.R.A.P. 1551(a). For these reasons, Carter has waived his federal constitutional and several state constitutional claims for purposes of appeal. *Williams*, slip op. at 2; *Chesson*, 47 A.3d at 478.

In his administrative appeal, the sole constitutional claims Carter asserted were that the Board's recommitment order was a violation of article I, section 13 of the Pennsylvania Constitution, Pa. Const. art. I, § 13 (providing that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted"), and article I, section 15 of the Pennsylvania Constitution, Pa. Const. art. I, § 15 ("[n]o commission shall issue creating special temporary criminal tribunals to try particular individuals or particular classes of cases"). *See* Admin. Appeal, 8/10/21, at 1-3. To the extent that he raised the issue before the Board, he preserved it for purposes of appellate review. *Cf. Williams*, slip op. at 2; *Chesson*, 47 A.3d at 478.

However, a petitioner who fails to develop a legal argument with citations to appropriate authority risks waiver. *See* Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part . . . the particular point treated therein, followed

8

by such discussion and citation of authorities as are deemed pertinent."); *Commonwealth v. Spotz*, 716 A.2d 580, 585 n.5 (Pa. 1998) (holding that failure to develop issue in appellate brief results in waiver); *Browne v. Dep't of Transp.*, 843 A.2d 429, 435 (Pa. Cmwlth. 2004) ("At the appellate level, a party's failure to include analysis and relevant authority results in waiver.").

While this Court liberally construes *pro se* pleadings, this Court cannot act as an appellant's counsel and develop his arguments for him. *See Commonwealth v. Brown*, 196 A.3d 130, 185 n.21 (Pa. 2018) (declining to analyze cited decisions where advocate failed to develop an accompanying argument; appellate courts are "neither obliged, nor even particularly equipped, to develop an argument for a party. To do so places the Court in the conflicting roles of advocate and neutral arbiter."); *Finfinger v. Unemployment Comp. Bd. of Rev.*, 854 A.2d 636, 639 n.5 (Pa. Cmwlth. 2004) (acknowledging "the frequent necessity, and incumbent difficulty, of *pro se* representation by unemployed claimants . . . [and noting that], it is axiomatic that a layperson who chooses to represent himself in a legal proceeding must assume the risk that his lack of expertise and legal training may prove to be his undoing") (citation omitted).

Instantly, Carter abandoned his Pennsylvania state constitutional claims pursuant to article I, section 13, and article I, section 15, in his brief before this Court. *See* Carter's Br. at 19-24. Accordingly, he has waived them. *Spotz*, 716 A.2d at 585 n.5. Further, to the extent that Carter has failed to develop his other constitutional claims beyond boilerplate assertions, we decline to develop his arguments for him, and find additional grounds for waiver of these claims for purposes of appeal. *Brown*, 196 A.3d at 185 n.21; *Browne*, 843 A.2d at 435.

## IV. CONCLUSION

In this case, Carter's claim alleging an illegal sentence was not properly before the Board as it lacks authority to alter a judicially imposed sentence. Further, substantial evidence supports the Board's decision to revoke Carter's parole as a TPV. Finally, Carter's numerous constitutional claims have been waived for several reasons, including failure to raise them before the Board, abandoning those claims preserved before the Board, and otherwise failing to develop a legal argument in support of these claims. For these reasons, we affirm.

LORI A. DUMAS, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nigel Dedieece Carter,
            Petitioner

            v.

Pennsylvania Parole Board,
            Respondent

:
:
:
:   No. 980 C.D. 2022
:
:
:
:
:

# **O R D E R**

AND NOW, this 16th day of January, 2024, we AFFIRM the Pennsylvania Parole Board's decision.

_____
LORI A. DUMAS, Judge